IRA R. LEWIS v. ROBERT H. WILLIAMS.

An affidavit, on a first application for a continuance, which states that the defendant did not know of the materiality and residence of the witness, until the commencement of the Court, and that with all due diligence he could not have procured the testimony of the witness, stating the residence of the witness in a distant county, is not in conformity to the Statute.

Where an application for a continuance is not in conformity to the Statute, it ought very clearly to appear that the continuance was improperly refused, to warrant this Court in reversing the judgment, on that ground.

In accounting for the absence of the use of the ordinary means of obtaining testimony, in an affidavit for a continuance, where the ignorance of any circumstance is stated as a ground therefor, it should appear that such ignorance was not owing to the want of proper diligence; and the time for preparation is to be computed, not to the first day of the term merely, but to the day when the case is called for trial.

Appeal from Travis. Suit by appellee against appellant, on a promissory note. Answer filed. Motion for a continuance, first Term, overruled. Judgment for plaintiff. The showing for a continuance was as follows :

The defendant in open Court makes oath that he cannot go safely to trial at this term for want of the testimony of Sarah Jones, a resident citizen of Matagorda county, in this State ; that he did not know of the materiality and residence of said witness, until the commencement of this Court, and with all due diligence he could not procure the testimony of said wit-

ness: He therefore prays that this cause be continued, until the next term of this Court; that this continuance is not sought for delay, but that justice may be done.

Sworn, etc., May 5th, 1855.                    I. R. LEWIS.

The attorney for defendant, on the 23d of May, 1855, when the case was called, made affidavit that defendant was, several days since, unexpectedly called from home, on business, to Matagorda; that in consequence of the absence of defendant, he is unable to procure the exhibit which defendant refers to in his amended answer; that defendant informed affiant, that he had a good and valid defence to the suit; that said note was given in consideration of a tract of land, pretended to be conveyed by plaintiff to defendant, and that the title to said land had failed; and that he verily believes, on the return of said defendant, he will be able to produce the exhibit referred to in defendant's amended answer.

The suit had been commenced on the 10th of April, 1855, and the answer filed on the 4th of May, 1855, apparently without citation. The defendant resided in Travis.

*J. C. Megginson,* for appellant, cited Hipp v. Bissell, 3 Tex. R. 18; Hensley v. Lytle, 5 Id., 497.

*Costa & Allan,* for appellee, cited Hunter v. Waite, 11 Tex. R. 85; Hensley v. Lytle. 5 Id., 497; Lewin v. Houston, 8 Id., 95.

WHEELER, J. The application for a continuance does not comply with the requirements of the Statute, and was, therefore, addressed to the sound discretion of the Court. In such a case it ought very clearly to appear that the continuance was improperly refused to warrant this Court in reversing the judgment on that ground. It does not so appear to us in the present case. The affidavit of the defendant for a continuance appears to have been made eighteen days in advance of the

calling of the cause for trial. It attempts to excuse the want of diligence to procure the attendance or testimony of the witness; averring that the affiant "did not know of the materiality and residence of the witness until the commencement of this Couut;" (which was several days before the making of the affidavit) and that "with all diligence he could not procure the testimony." We think the Court might well regard the affidavit as not accounting satisfactorily for the entire absence of diligence, on the part of the defendant, to procure the attendance or testimony of the witness. It might have been thought not wholly improbable, that, if active measures had been employed, even at the commencement of the term, (when the fact of the materiality and residence of the witness came to the knowledge of the defendant,) the testimony of the witness might have been obtained before the calling of the cause for trial. And in the absence of any explanatory statement, the Court, moreover, may not have been satisfied that it was not for the want of due and proper diligence, that the defendant was not earlier informed of the materiality and residence of the witness. It is quite evident, that, if the defendant was really entitled to a continuance, it might have been made more satisfactorily to appear. The case presented by the affidavit is not a stronger one for a continuance, than others which have been held by this Court insufficient. (Hunter v. Waite, 11 Tex. R. 85; Hensley v. Lytle, 5 Id. 497; Williams v. Edwards, *supra*.) The affidavit of the attorney does not strengthen the appellant's case. It shows that, relying on his affidavit for a continuance, made so long in advance, he had left the Court without taking any steps to prepare for the trial. The defendant does not appear to have used the diligence which the law requires, nor to have so satisfactorily accounted for the want of it, as to warrant this Court in holding that the District Court improperly and erroneously refused a continuance. The judgment is, therefore, affirmed.

Judgment affirmed.