27  455<br/>84  573

## J. T. BALDESSORE v. CHARLES STEPHANES.

Where an affidavit for a continuance did not comply with the requirements of the statute, the application was addressed to the discretion of the court; and, in such cases, it must very clearly appear that the continuance was improperly refused, or the judgment will not be reversed in this court because of its refusal.

When a party asks a continuance on account of testimony which he has used no diligence to procure, it is not sufficient for him to state that he had discovered its materiality too late to have procured it in time for the trial by any diligence in his power.    He should state such facts as will enable the court to determine whether, by the exercise of proper diligence, he could not have discovered the materiality of the evidence in time to have procured it.

See the opinion in this case for an illustration of the strictness required in an affidavit for a continuance made by an attorney in behalf of his client.

APPEAL from Harris.

[The record of this case has not reached the hands of the Reporters.]

MOORE, J.—The motion for a continuance in this case was properly overruled.    The affidavit does not comply with the requirements of the statute, and was, therefore, addressed to the

sound discretion of the court. And in such cases, it has been said by this court, it must very clearly appear that the continuance was improperly refused, to warrant it in reversing the judgment. (Lewis v. Williams. 15 Tex., 47.) When a party asks a continuance on account of testimony which he has used no diligence to procure, it is not sufficient for him to state merely that he had discovered the materiality of such testimony too late to have procured it in time for the trial of the cause by any diligence which he could have used. He should state such facts as will enable the court to determine whether by the exercise of proper diligence he would not have known the materiality of the testimony in time to have procured it. The affidavit in this case is by the appellant's attorney; it does not state as a matter of belief on his part that the materiality of the testimony was unknown to his client until too late to have procured it in time for a trial of the cause. The guarded statement is, " that the defendant is absent, and has been so absent for several months; affiant believes he was not, when he left, aware of said testimony." For aught that appears in the affidavit, the appellant may during all the time of his absence have been in New Orleans, where the witness whose testimony was desired resides, and in daily intercourse with him, and perfectly cognizant during all that time of the materiality and importance of his testimony.

There is no error in the judgment, and it is therefore affirmed.

Judgment affirmed.