### T. J. CHAMBERS v. J. FISK AND OTHERS.

Where there was no endorsement on the petition, that the suit was brought as well to try the title as for damages, and the plaintiff alleged combination among the defendants, and prayed that he be quieted in his title, that the clouds imposed by defendants' pretended titles be removed, &c., and the defendants answered jointly pleading not guilty, and special pleas of title, &c., it was held that the defendants could not afterwards be permitted to sever. SPECIAL COURT.

Where it is evident from all the facts attending a case, that by the ruling of the Court in the progress of the trial, a party was cut off from trying his cause on the merits, or deprived of any other right, though in strictness the ruling may have been correct, yet, if it is made to appear that the default of the party was not inexcusable, and he presents a *prima facie* case of merits, he ought to be allowed a new trial. SPECIAL COURT.

Error from Travis. Special Court composed of Wheeler, J., and James Willie and Asa M. Lewis, Special Judges.

*W. S. Oldham* and *T. J. Chambers*, for plaintiff in error.

*A. J. Hamilton* and *J. Sayles*, for defendant in error.

WILLIE, S. J. The plaintiff brought suit in March, 1850, against the defendant Fisk and forty-five other persons. In his petition he alleges that he is the owner, by just title emanating from the Government of Coahuila and Texas, of eight leagues of land; that the defendants, "associated trespassers," are in possession of parts of the land; that they have committed various acts of trespass, have fraudulently combined and confederated together to deprive him of his title to the land, and to prevent him from prosecuting his remedy for a recovery of the same, have caused lines to be run and locations and surveys to be made, and in some instances have procured patents

to be issued; that they have colluded and confederated with other persons to vex, harrass and embarrass him by forcing him to bring a multiplicity of suits, with many allegations of a like character, unnecessary to be noticed. There is a prayer for damages, for the cancellation of the title of defendants, for possession of the land, for the confirmation of the plaintiff's title, for an injunction to stay waste, and for general relief.

At the April Term, 1850, of the District Court of Travis county, an answer was filed in the name of all the defendants, except two. The defendants, after excepting to the sufficiency of the petition, answer, 1st. That they are not guilty of the trespass complained of. 2nd. That the plaintiff's title to the land sued for is null and void, for various reasons which they set forth at length. 3rd. That plaintiff failed to file in due time his title in the Land Office of the Republic of Texas, and that while there was no evidence to show the existence of his title, rights were acquired by the defendants under patents from the Government of Texas. 4th. They plead the Statute of Limitations of three and five years; and lastly they claim as occupants in good faith for twelve months before the institution of the suit, and pray judgment for the value of their improvements.

At the same Term, and on the same day, other pleas were filed by different defendants, in some cases each pleading separately, and setting up title to a particular portion of the land, in other cases two or more joining in like pleas. There was also a motion by the plaintiff for injunction, which was refused. At the October Term, 1850, some of the defendants who had been summoned in warranty, answered, exhibiting the titles under which they claim. At the Spring Term, 1851, the cause was continued, on the application of the plaintiff. At the Fall Term of that year leave was given the defendants to amend, and the defendants who are parties to this record, filed an additional answer, which was amended on the 16th, but in no very material respect. In this answer they reiterate

the plea of not guilty, make some unimportant verbal amend-
ments, set up title under a location and survey and ask leave
to sever from the other defendants, with whom they had an-
swered at a former Term.   This answer was filed on the 14th
of October.   On the 16th of that month, the plaintiff filed an
affidavit for continuance.   On the next day, as appears by a
bill of exceptions, the motion for a continuance was overruled;
the plaintiff then asked leave "to extend the affidavit so as to
specify explicitly the facts set forth in said affidavit;" this was
refused.   The plaintiff then asked for time to prepare and pre-
sent an application for change of venue; this was denied, and
the cause proceeded to trial.   The plaintiff at the trial offered
no testimony; the defendants proposed to offer testimony, but
the Judge refused to allow it.   There was, under the direction
of the Court, a verdict and judgment for the defendants, that
they go hence, &c.   The record of the judgment recites that
the jury "having heard the evidence, arguments of counsel,
and the charge of the Court," rendered their verdict.   The
plaintiff moved for a new trial, and also to reform the judg-
ment so as to state the facts as they occurred, both of which
motions were overruled.   The plaintiff prosecutes this writ of
error, and seeks to reverse the judgment upon various grounds.
The most material of these will be noticed in the order in
which they seem naturally to present themselves upon the
record.

Before proceeding to consider the main questions arising in
the case, we will notice the form of the judgment itself, taken
in connection with the facts stated upon the record.   The
plaintiff declined to offer testimony; the defendants proposed
to introduce proof, and were not permitted to do so.   The
cause was in this manner submitted to the jury, who found a
verdict for the defendants, yet the entry of judgment declares
that the jury "having heard the evidence, arguments of coun-
sel, and the charge of the Court," rendered their verdict.   The
judgment is neither better nor worse for this formal recitation.

of facts which did not occur, but as the solemn judgment of a Court is always supposed to announce the strict truth, and imports perfect verity, it would certainly be a better practice to place upon the records of a Court no other statement than the simple truth.

We perceive no error in refusing the injunction. The party had other remedies given by law, fully adequate to his protection against loss by reason of injuries done to the property pending the litigation. The affidavit, which was the basis of the motion for a continuance, was insufficient in two respects. It failed to show that the plaintiff was unable to procure the testimony from any other source, and it did not appear conclusively that proper diligence had been used.

Nor do we think it was error to refuse the motion of the plaintiff for leave to amend the affidavit. It might be competent to permit the amendment of an affidavit, where the defect evidently occurred through inadvertence ; but the exercise of this discretion by the District Judge would scarcely in any case be a proper subject of revision.

On the day following that on which the affidavit for continuance was filed, the plaintiff asked for time to prepare and present a motion for change of venue, which was refused by the Court. This seems to have followed immediately upon the disposition of the application for continuance.

We suppose it will hardly be insisted that a party is bound within any definite time after the institution of a suit, to make his application for a change of venue, and the declaration of the Judge below, that the application came too late, must have rested upon the idea that an application of this kind will not be heard after the overruling of a motion for continuance. We cannot assent to the correctness of this conclusion, as a general proposition. A motion for change of venue may be presented at such a time and under such circumstances as will give it a suspicious appearance, and be calculated to throw doubt upon the sincerity of the application. These circumstances are legitimately to be considered by the Judge in form-

ing his opinion of the merits of an application, and would in no case, except where there had been a manifest denial of justice, be revised in an appellate tribunal. It is not altogether clear whether the District Judge exercised a sound discretion in the present instance. Had the plaintiff been prepared at the time of making the request, and then offered his application, we have no doubt he would have been entitled to be heard. As the case stands, it would have been, we think, a more correct practice to receive the application, if made within a reasonable time; and, when presented, the Court would have been able to judge from the facts shown, whether it was entitled to consideration. It is not beyond the stretch of reasonable probability, that a party may ascertain at the moment of going to trial, that facts exist which will prevent him from obtaining an impartial trial. We learn from an affidavit of the plaintiff accompanying his motion for a new trial, that the information upon which the plaintiff had determined to apply for a change of venue was received after or about the time of filing his motion for continuance, and though this is of no consequence now, in considering the propriety of the action of the Court, yet it strongly illustrates the necessity of caution in disposing of a motion made by a party, the result of which is to have a vital influence upon his cause.

The case of Reed v. The State, (11 Missouri R. 379,) is analogous to the present. The defendant was indicted for libel. By a law of that State, the defendant may change the venue "when the Judge is in any way interested or prejudiced, or has been of counsel in the case," provided that the petition of the applicant for change of venue shall set forth the facts, and the truth of the allegations be supported by affidavit, &c., and reasonable previous notice be given to the prosecuting attorney. And further, it is provided by the Act, that this application may be made at a Term subsequent to that at which the defendant was liable to be arraigned, by stating, in addition to the other allegations necessary in a timely application, that the

facts on which he grounds his application came to his knowledge since the last preceding continuance of the cause. The defendant's petition, in the case cited, was presented after there had been a continuance at one Term and a mis-trial at another. He set forth the facts necessary to support the motion, but failed to state that these facts had come to his knowledge since the last continuance. The motion was overruled and the cause ordered to proceed to trial. At a subsequent day of the Term to which the trial had been postponed, he renewed the application and re-affirmed his former allegations, with an additional statement that he had become more convinced of the prejudice of the Judge. Notice of this application was given on the day it was presented. It was overruled, and upon appeal the cause was reversed for error in refusing the motion.

In the case now under consideration it is not unreasonable to conclude that the plaintiff, after filing the affidavit for continuance, had become acquainted with the facts on which he expected to base his application for a change of venue. Our system of procedure is not designed to entrap suitors by the enforcement of rigid technicalities, but seeks, by liberal rules of practice, to bring causes to trial upon their merits.

It appears from cases cited by counsel for the defendants, (11 Wend. 186, and 18 Id. 514,) that the rule in New York is to require the application for a change of venue to be presented before issue joined, where the other party will, by reason of the change, be unreasonably delayed. This rule may be derived from the Statutes of that State, or from some settled practice of the Courts, which cannot be regarded as binding upon the Courts of this State. It will not be said that the party must apply before the issues are made up, or in other words, before answer filed. Nothing in the practice of the Courts, as understood in this State, would warrant such a rule.

It is incontrovertible, from the petition and answer in this case, that the defendants were properly joined. They are

charged as joint trespassers upon the land sued for and they answer setting up title in themselves and attacking the title of the defendants, plead limitation, and ask the benefit of the Statute in respect to claimants in good faith. The plea of not guilty could have no other effect than to put the plaintiff on proof of his title. By the rule of pleading in actions of trespass to try title, as laid down in Rivers v. Foote, (11 Tex. R. 662,) when special pleas are filed no other matter can be given in evidence, except that which is specially alleged, and though, under ordinary circumstances, this plea could be regarded as a denial of the joint trespass charged, yet its force is lost by reason of the allegation of special matter in defence. So that the defendants, except the two who did not join in the first answer, stand in this position : they are sued jointly, they answer jointly, claiming for each and all the benefit of the same defences, they do not deny the charge of acting in concert, but, on the contrary, explicitly admit it by setting up in themselves, without qualification as to any separate interest, a title to a portion of the land in controversy. By amended answer they set forth particular portions which one or several claim as distinct from the others, but they do not seek to evade the force of the first answer, by offering to amend its language, or to qualify or withdraw the defence jointly made.

We cannot regard this action simply as one of trespass to try title under the Statute of February 5th, 1840. There was no endorsement upon the petition, indicating that the suit was intended to follow the Act. The judgment prayed for was to quiet, and remove clouds from, the plaintiff's title ; to cancel and annul the title of defendants ; neither of which would, we apprehend, be considered proper modes of relief in an action brought in strict compliance with the Statute referred to. But if this suit is to be treated as an action to try title, brought under the Statute, and to be conducted by the rules proper to such an action, we are not without authority to support the position assumed, that no severance was allowable after joint

answer filed. The action is like that of ejectment at Common Law, and it seems to be well settled that though defendants may plead separately and sever on the trial, when they do not hold jointly the premises sued for, yet if they enter jointly into the consent rule, to confess lease, entry and ouster, they cannot afterwards sever. (Jackson v. Haines, 5 Johns. R. 378 ; Abney *et al.* v. Barnett, 1 A. K. M. ; 5 Wend. 96.) Though no rule of Common Law practice is of any force with us, yet these rules may be and are often appealed to as furnishing a just analogy, not unworthy of consideration. This would seem especially to be the case in these actions, which, by the Statute, it is declared, "shall be tried on their merits, conformably to the principles of trial by ejectment."

We are met with the objection that this point is settled by the decision of the case of Chambers v. Fisk, when before the Supreme Court at a former Term. The case in 9 Tex. R. 261, was upon a motion to dismiss for want of a sufficient appeal bond. What then were the inquiries necessary to a determination of the motion? Simply whether the judgments appealed from were three distinct judgments, or whether they constituted but one judgment. The Court were not required to, and did not, adjudicate the regularity of the judgments, but the simple fact of their existence.

We conclude, therefore, that whatever might be the correct rule of practice in cases generally, and this it is not our province to decide, yet, in this particular case, it was error to permit the defendants to the present record to sever on the trial from those with whom they had originally joined.

The affidavit of the plaintiff, which accompanied his motion for a new trial, contained the following statements, which we copy at length :

"THE STATE OF TEXAS, }
Travis District Court, } Fall Term, A. D. 1851.

T. J. CHAMBERS v. JOSIAH FISK ET AL.

This day, in open Court, came the said T. J. Chambers,

plaintiff in the above entitled cause, and being duly sworn according to law, on his oath states, that the matters and facts set forth in his motion for a new trial in this cause are true to the best his knowledge and belief; that he was taken by surprise and forced into a trial, without being ready for the same; that the affidavit which he filed for a continuance was drawn up by him in great haste, while the Court was waiting for the purpose, and, for the want of time to reflect, several matters were omitted which might with propriety have been inserted by the affiant, and which this affiant believes would fully have entitled him to a continuance; that the witness therein named was the Commissioner who executed and issued the original title on which this affiant relies to gain the land claimed by him in this suit; that he expects to prove by said witness, the due execution of said land title, at the time it bears date, and that it was then executed in the same manner and form in which it was filed in the General Land Office; that he reported the same to that office in 1839 or 1840, under and in obedience to a requisition made upon him by the Commissioner of that office for the land titles then in his possession as Commissioner; that he then returned said land title into said office in obedience to said requisition, in the shape in which it is still to be seen there; that this affiant knows of no other means by which he can sufficiently prove the same things; that he expected that said witness would attach to his answers other material documents, consisting of the correspondence of the Government and its officers, in relation to and in support of this affiant's right and title to the land claimed by him; that this affiant had sent said copy or testimony of land title and the other documents mentioned, to said witness, in order that he might have time to examine them carefully prior to the taking of his deposition, so that it was impossible for this affiant to produce them on the trial, and that he knows of no other means of establishing the same things; that since the last Term of the Court, this affiant has made two attempts to take

the deposition of said witness; that he failed in the first by the absence of said witness from home, and in the second by the loss of the commission, which he discovered too late to get it renewed before the present Term of the Court and take the deposition; that this affiant was surprised by the defendants, when they withdrew their pleas filed at this Term of the Court, and which this affiant believed contained new matter sufficient to entitle him to a continuance, and he was thus driven to draw up his affidavit for a continuance on account of the absence of said witness, in great haste and without due consideration, by which he overlooked the specifications herein contained, not included in said affidavit; and this affiant further states that the application which he attempted to make for a change of venue, and which was overruled by the Court, as being too late, was not made for delay, but because he was repeatedly warned after the cause was called for trial, by various persons of high respectability, that he could not obtain a fair and impartial trial of the cause in this county, and he became convinced that such was the case."

There are other facts stated in the affidavit which we do not deem it necessary to notice.

We think that a very strong case is presented for the interposition of the equitable powers of the Court. New trials are often granted on the sole ground that the rigid enforcement of a particular rule has caused injustice to a party. It is not denied in the present case, that if the District Judge had seen proper to grant the application, it would have been the exercise of a just discretion, but it is contended that his discretion cannot be controlled. It would be difficult to lay down any general rule for cases of this kind. We know of none less objectionable than this: when it is evident from all the facts attending a case, that by the ruling of the Court in the progress of a trial, a party was cut off from trying his cause on the merits, or deprived of any other right, though in strictness the ruling may have been correct, yet, if it is made to appear that

the default of the party was not inexcusable, and he presents a *prima facie* case of merits, he ought to be allowed a re-hearing. It is but seldom that a case controlled by this principle, would ever appear in an appellate tribunal, so clothed with the surrounding circumstances as to enable the Court to judge of the propriety of the action of the Court below, but it may sometimes be thus presented, and we deem the present one of those cases. Taking the case as a whole, we have no room for doubt as to the injustice done, by the enforcement in every instance, of a rigid rule of practice. The affidavit gives a reasonable excuse for the defects which occur in the application for continuance, and accounts for the failure to offer at an earlier stage of the proceedings a motion for change of venue. It shows that the witness whose testimony was required, is the only witness by whom the facts material to sustain the plaintiff's cause of action can be proved. It exhibits no ordinary degree of diligence in the efforts made by the party to procure the testimony. When considered with reference to all its statements, we must say that it appealed in terms which ought not to have been overlooked, to that sound discretion which permits and requires Courts of justice to protect suitors when they are not willfully in default, against injury resulting from a failure to comply with the strict requirements of the rules of practice. The benign equity which pervades our whole system of practice, would confer but little benefit upon parties, if in a case like the present, the ear of the Court is deaf to an application seeking relief from accident and mistake occurring without any culpable neglect of the party. Is there anything in the history of the case, as shown by the record, which is calculated to throw suspicion upon the application? Here is a cause involving large interests. It had been pending but eighteen months at the time when the judgment was rendered. Is this extraordinary delay? On the contrary it would have been remarkable if the plaintiff had been able to prepare for trial within that time. We venture that a case of like charac-

ter can rarely be found in which parties have prepared for trial so expeditiously. Promptness and despatch deserve to be encouraged, but a suitor cannot be required to move with such speed as to lose sight altogether of the great object of all laws, the attainment of a just decision upon the merits of a cause. Whenever the facts upon which a party applies for a new trial are not matters of record and are known to others as well as to himself, it is expected that he will sustain his own affidavit by that of disinterested persons. This rule can hardly be invoked in the present case. The witness Lewis, it is true, was cognizant of some of the facts stated in the plaintiff's affidavit, but his residence was distant from the place of holding the Court. The party might have shown by other testimony, that he was informed immediately before being forced to trial, of the existence of a state of feeling which would preclude him from obtaining a fair trial. But the material parts of the affidavit, the diligence used in procuring testimony, the fact that a want of strict compliance with the terms of the law in the form of the affidavit was attributable to the haste with which he was forced to prepare it, and was an unintentional omission, the fact that the communications made immediately before the trial gave the party convincing proof of the existence of a prejudice against his title which would prevent a fair trial, these things rested, we may fairly suppose, within the knowledge solely of the party himself. It is, we think, going too far to require in all cases, affidavits of other persons in aid of the party's own oath, and the rule would inevitably, in many cases, work great hardship and injustice.

If, therefore, no other question was presented in the case, we should feel satisfied to rest a decision upon the action of the Court in overruling the motion for a new trial, and feel confident that a reversal is demanded upon every principle which is binding upon Courts in the administration of justice.

The judgment of the District Court is reversed and the cause remanded, with instructions that the defendants who

did not join in the first answer filed be permitted on the trial to sever.

Reversed and remanded.

WHEELER, J. I am inclined to regard the present, in substance, an action of trespass to try title; and where that is substantially the case, I do not think the plaintiff can defeat the right of the defendants to sever, if they elect to do so, and hold under several distinct titles, by charges of combination and conspiracy, or other charges, though they amount to the statement of an independent cause of action. And, though the defendants answered jointly in the first instance, still, I think it was competent—under our liberal practice of amendments, allowing parties to re-form and re-model their pleadings—for the defendants in this case, to make their election to sever afterwards, by amendment of their answer. As, in their last amended answer on which they went to trial, the defendants did sever, I think they were rightly permitted to sever upon the trial.

It is proper to add, however, that I consider the present an open question in this Court. And I concur in the opinion that the case of Chambers v. Fisk (9 Tex. R. 261) can have no influence upon the decision of this case. For there, the sole question before the Court was the question of jurisdiction. There was one appeal bond to support an appeal from three several judgments; and the question was whether this Court could take jurisdiction of the appeal. We held that it could not, and dismissed the appeal. Not having jurisdiction of the case upon the appeal, of course, it was not before the Court for the determination of any other question.

I cannot say the Court erred in refusing the application for a continuance, or to entertain the application for a change of venue. The former did not conform to the Statute; and the latter came, I think, too late. Nor can I say that the Court

erred in refusing a new trial. With whatever of persuasive force the application, resting on the affidavit of the party alone, might address itself to the discretion of a Court clothed with the authority to exercise a discretion in such matters, sitting in a revising Court and regarding the question as one of legal right, I do not think such a case was presented, there being only the unsupported affidavit of the party, as to entitle him to a new trial; that is, such a case as made the granting of it demandable as a matter of right in the party, and its correlative duty on the part of the Court; consequently, I do not think the refusal of it was error.

Upon the whole, with the attention I have been enabled to give the case, I see no single ground, which to my mind is satisfactory, for reversing the judgment. But, as some of the questions are important, and may require further consideration in a future case, and it is not necessary, I decline, for the present, the expression of a final opinion, upon the several questions presented; meaning merely to intimate the reasons generally, why the judgment of the Court has not my concurrence.