LEWIS GREEN v. ANNA DUNMAN.

1. An affidavit for a first continuance stated that the defendant "caused a subpœna to be issued for the witnesses as soon as he could after discovering the materiality of the testimony," but without showing when that discovery was made, or when the subpœna was issued or placed in the hands of the sheriff. *Held*, that the affidavit failed to show diligence.

2. An application for 'leave to amend a motion for a continuance, or to file a new motion, is addresssed to the discretion of the district court; and as a general rule, this court will not revise the exercise of that discretion.

APPEAL from Liberty. Tried below before the Hon. Wm. Chambers.

The action was for damages by reason of an assault and battery. The opinion indicates such facts as are involved in the rulings.

*E. B. Pickett*, for the appellant.

No brief for the appellee.

OGDEN, J.—We think the court did not err in overruling the motion for a continuance. The motion failed to set out any diligence, as required by the statute, with that particularity and certainty which would enable the

court to judge whether or not any sufficient diligence had been used. The affidavit, which stated in general terms that the defendant "caused a subpœna to be issued for the witnesses, as soon as he could after discovering the materiality of the testimony," without stating when this discovery of the materiality was made, or when he caused the subpœna to issue, or when the same was placed in the hands of an officer to execute, certainly states no such diligence as would entitle the party making the affidavit to a continuance. For aught that appears in the affidavit in this case, the subpœna might have issued twelve months before the motion for a continuance was made, and have been held by the defendant himself until just before his cause was called, and then placed in the hands of the officer to execute, with the purpose and intent of having an excuse for a continuance. We think the affidavit not in compliance with the law, as decided in Mays v. Lewis, 4 Texas, 38; Wentworth v. Crawford, 11 Texas, 132; Robinson v. Martel, 11 Texas, 153; Lewis v. Williams, 15 Texas, 49; and McMahan v. Busby, 29 Texas, 194.

Another error assigned is, "that the court refused to allow the defendant to amend his motion for a continuance, or to file a new motion." The motion to amend an application, or to file a second application for a continuance, is addressed to the sound discretion of the court, and that discretion, as a general thing, is not the subject of revision. (Brooks v. Howard, 30 Texas, 278 ; Chambers v. Fish, 15 Texas, 338 ; Green v. Crow, 17 Texas, 180.) And in this cause we are wholly unable to revise the rulings of the court upon the second application, as the bill of exceptions does not show that a second affidavit was filed, setting up the materiality of the testimony sought to be had, and

without an affidavit complying with the statute the defendant was not entitled to a continuance.

We think the court did not err in striking out defendant's plea in reconvention, nor in refusing defendant leave to amend, after announcing himself ready for trial on the facts of the case; or, rather, we do not consider that refusal a subject of revision by this court. (Jennings v. Moss, 4 Texas, 454; and Matossy v. Frost, 9 Texas, 612.)

We discover no sufficient error in the rulings of the court on the admission of testimony, to authorize a reversal of the judgment; and in view of all the facts of this cause we can see no reason for the defendant to complain that substantial justice was not done. The judgment is therefore affirmed.

AFFIRMED.