# MAY, 1938

ONA PIERCE ET AL. v. J. ERNEST LOYD.

No. 7065.   Decided March 30, 1938.
Rehearing overruled May 4, 1938.
(114 S. W., 2d Series, 867.)

*Houchins & Houchins, J. Harold Craik* and *J. Elwood Winters,* all of Fort Worth, for plaintiffs in error.

Where a motion for new trial is filed in time and amended motion is filed within twenty days thereafter, and neither is present to the court for more than thirty days after the filing thereof, the amended motion for new trial was overruled by operation of law at the expiration of thirty days after its filing,

and a written agreement between the parties for extension of time for decision of such motion cannot waive the time for presentation, neither can such time be extended beyond that provided by statute. Millers Mut. Fire Ins. Co. v. Wilkirson, 124 Texas 312, 77 S. W. (2d) 1035; Peurifoy v. Wiebusch, 125 Texas 207, 82 S. W. (2d) 624; Galveston, H. & S. A. Ry. Co. v. America Gro. Co., 122 Texas 1, 36 S. W. (2d) 985, affirmed in 285 U. S. 127.

*Lightfoot, Robertson & Gano,* and *Dan P. Johnston,* all of Fort Worth, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiffs in error, Ona Pierce and others, recovered judgment in the District Court of Tarrant County for a large sum, as damages for death of A. A. Pierce, on grounds of gross negligence. On appeal to the Court of Civil Appeals at Fort Worth, the judgment was reversed and rendered in favor of defendant in error, J. Ernest Loyd. 89 S. W. (2d) 1035. Writ of error was granted upon assignments questioning the jurisdiction of the appellate court, on the ground that appeal bond was not filed within the statutory period after motion for new trial was overruled.

The following are the material facts: Judgment was entered in favor of plaintiffs on October 14, 1934. Formal motion for new trial was filed the same day. Amended motion for new trial was filed November 2, 1934, which was within the statutory time. On November 24, 1934, the parties entered into and filed the following agreement:

"Now in the above entitled and numbered cause, the parties, Plaintiff and Defendant, agree in writing that through their respective attorneys, the motion for new trial filed by the Defendant, J. Ernest Loyd, may be considered and acted on by the Court at any time within the next (any time) as may suit the convenience of the court."

On January 22, 1935, order was entered overruling motion for new trial, and notice of appeal was given. In the order it was recited that "On this the 22nd day of January, 1935, came on to be heard the application and motion of defendant for new trial." Appeal bond was filed February 6, 1935.

The applicable statute is Subdivision 28 of Article 2092,

known as the Special Practice Act, as amended in 1930, and is as follows:

"All motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

By Subdivision 31 it is provided that the appeal bond shall be filed within thirty days after motion for new trial is overruled.

It is the contention of plaintiffs in error that the provision requiring a motion for new trial to be presented within thirty days after its filing is mandatory, that such provision cannot be waived, and that the time for presentation cannot be extended by agreement. It is therefore contended that as it does not appear from the record that the amended motion for new trial filed November 2, 1934, was presented within thirty days from its filing, it was overruled by operation of law at the expiration of thirty days, or on December 2, 1934. They further contend that as the appeal bond was not filed within thirty days from this date, it was filed too late and conferred no jurisdiction upon the appellate court.

It is the contention of defendant in error that the agreement of the parties set out above, which provided that the motion might be "considered and acted upon by the court at any time as might suit the convenience of the court," showed that the motion was presented within the 30-day period after its filing, and consequently was not overruled by operation of law at the end of thirty days. He further contends that the agreement of the parties had the effect of postponing the decision of the motion beyond the 45-day period, and that as the appeal bond was filed within thirty days after order overruling the motion was entered, the appeal was perfected.

1, 2 Apparently plaintiffs in error are making no contention that the agreement was insufficient to extend the time for decision of the motion beyond the 45-day period. The burden of their contention is that it was not presented within the thirty days. The matter is jurisdictional, and the statute is mandatory. It cannot be waived. If, therefore, the agreement was not sufficiently definite and certain to postpone the determination of the motion to a fixed date beyond the statutory period, the motion was overruled by operation of law at the end of forty-

five days from November 2, 1934; and the appellate court was without jurisdiction. Dallas Storage & Warehouse Co. v. Taylor, 124 Texas 315, 77 S. W. (2d) 1031; Independent Life Insurance Co. of America v. Work, 124 Texas 281, 77 S. W. (2d) 1036; Highland Farms Corporation v. Fidelity Trust Company of Houston, 125 Texas 474, 82 S. W. (2d) 627.

In the case last mentioned, the court expressly said that the latter portion of Subdivision 28 "contemplates and authorizes written agreements extending the time for decision of motion for some *definite period,* rather than agreements merely waiving the 45-day limitation of the statute." The statute by the clearest implication says as much. The language is that it must be decided within forty-five days, "unless by written agreement of the parties in the case the decision of the motion is postponed to a later *date.*" This manifestly contemplates a fixed or certain date, beyond which the court may not delay the decision; otherwise the plain purport of the statute would be defeated.

The agreement in this case obviously did nothing more than authorize the court to decide the motion within any time which might suit its convenience, and at the most this necessarily implied that it should be decided within the 45-day period, or that period was waived, without any definite date being fixed. The agreement therefore was wholly without effect, and the motion became overruled by operation of law at the end of forty-five days from November 2, 1934. Consequently, the appeal bond was filed too late.

It is unnecessary to discuss any question concerning presentation of the motion.

The judgment of the Court of Civil Appeals is reversed, and the appeal to that Court is dismissed.

Opinion adopted by the Supreme Court March 30, 1938.