**L. L. MOORE, Appellant,**

v.

**A. M. DECUIR, Appellee.**

No. 12971.

Court of Civil Appeals of Texas.

Galveston.

Jan. 12, 1956.

Rehearing Denied Feb. 2, 1956.

Kennedy & Granberry, C. W. Kennedy, Jr., Crockett, for appellant.

J. B. Sallas, Crockett, and Robert von-Doenhoff, Rusk, for appellee.

PER CURIAM.

The transcript and statement of facts in the above cause were received by the Clerk of this Court on December 12, 1955. In compliance with the provisions of Rules 388 and 389. Texas Rules of Civil Procedure, our Clerk examined the transcript and referred the same to the Court to determine whether or not it had been received in time to confer jurisdiction on this Court. Appellant was instructed to and did, on December 20, 1955, file a motion to the Court to order the Clerk to file the record on appeal. Upon consideration of such motion, we have concluded that we have no jurisdiction to issue such order.

The attempted appeal is from the District Court of Houston County, which court, since January 1, 1955, is subject to the provisions of Rule 329-b, T.R.C.P., Section 3, which provides: "3. All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

Examination of the transcript discloses the following material facts. Judgment of the trial court was entered April 25, 1955. Motion for new trial was filed May 4, 1955. Agreement of the parties extending the time for hearing the motion for new trial was filed May 4, 1955. Order overruling

472

the motion for new trial was entered October 15, 1955.

It is apparent that the question of this Court's appellate jurisdiction depends upon the agreement of the parties extending the time for hearing the motion for new trial above mentioned. We conclude that the agreement does not meet the requirements of Rule 329–b, Section 3, T.R.C.P. For clarity we attach a copy of such agreement as Exhibit A.

Section 3 of Rule 329–b, T.R.C.P., has not been directly construed since its effective date. However, such rule is identical to the material portion of former Section (j) of Rule 330, which in turn was a re-enactment by the Supreme Court of Article 2092, Vernon's Ann.Tex.Civ.St.

Section 28 of Article 2092, V.A.T.S., was construed by the Commission of Appeals of Texas in the case of Pierce v. Loyd, 131 Tex. 401, 114 S.W.2d 867. In an opinion adopted by the Supreme Court,

the Commission of Appeals held that such statute contemplated that any postponement of the decision of a motion for a new trial beyond forty-five days after filing thereof would be to a fixed or certain date, and that the parties' agreement that motion for new trial might be acted on by the court within any time suiting its convenience was wholly ineffective. In view of such construction of identical language, we feel compelled to hold that Rule 329–b, Sec. 3, T.R.C.P., requiring determination of motion for new trial not over forty-five days after filing thereof, unless decision is postponed to later "date" by parties' written agreement, contemplates a fixed or certain date beyond which the court may not delay its decision. We, therefore, hold that in the present case the motion for new trial was overruled by operation of law forty-five days after May 4, 1955. Since the record was not received by the Clerk of this Court within the time provided for in Rule 386, T.R.C.P., we have no jurisdiction to do other than dismiss this appeal.

To Said Honorable Court.

Now comes the parties to the above entitled and numbered cause, by and through their attorneys, and agree that the Motion for New Trial heretofore filed in this cause by Contestant Leroy L. Moore, or any amended Motion for New Trial filed Herein by him, may be heard by the Court at any time the Judge desires to hear the same, and we agree that the time provided for in the Rules of Civil Procedure may and shall be extended by the Court to such time as the Court desires to hear said

motion; and this agreement is filed pursuant to, but is not limited to, Rule 329–b, Texas Rules of Civil Procedure.

Dated this 4th day of May, 1955.

Kennedy & Granberry,
Attorney for Contestant,
Leroy L. Moore
/s/ by C. W. Kennedy Jr.

J. B. Sallas
/s/ J. B. Sallas
Attorney for Proponent