Jessie Arena **HOLLAND** et vir, Appellants,

v.

**FOLEY BROTHERS DRY GOODS COMPANY, Inc., et al., Appellees.**

No. 7084.

Court of Civil Appeals of Texas.

Texarkana.

April 28, 1959.

Rehearing Denied April 28, 1959.

Smith & Lehmann, T. O. McWhorter, Houston, for appellants.

Charles L. Tighe, Baker, Botts, Andrews & Shepherd, Houston, for appellees.

PER CURIAM.

The opinions in this case dated January 20, 1959, and March 10, 1959, are withdrawn and the following is substituted.

■ A majority has concluded that this Court does not have jurisdiction of the appeal. The procedural facts disclosed by the record show the appeal bond was not timely filed and authorities relevant thereto hold that this Court must dismiss the appeal under such circumstances.

Upon jury answers to special issues the trial court entered judgment December 2, 1957. The appellant, as plaintiffs in the trial court, filed motion for new trial on December 12th thereafter. On January 24, 1958, the appellants and the appellees, defendants in the trial court, entered into the following agreement respecting the motion for new hearing:

"I.

"That the time for the hearing of and decision on plaintiffs' motion for new trial may be postponed beyond such time limits as are set out in said Rule 329b.

"II.

"The parties further agree that the said motion may be heard on Monday, January 27, 1958, at the convenience of the Court, or, at the earliest practicable date thereafter convenient to the Court."

On Monday, January 27th, hearing was held upon the motion and at completion the judge did not render a decision; instead, he took the motion under advisement. Thereafter, on February 14th the trial judge orally advised the parties that the

motion would be overruled. On February 20th following, a written order overruling the motion was filed. Appellants filed their appeal bond April 14, 1958.

Rule 329-b, subd. 3, Texas Rules of Civil Procedure, says:

"All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

▪ The Rule contemplates that postponement to a fixed or certain date be set out in an agreement by parties. Moore v. Decuir, Tex.Civ.App., 286 S.W.2d 471, wr. ref.; Pierce v. Loyd, Tex.Com.App., 131 Tex. 401, 114 S.W.2d 867. Reference to the agreement in this case shows that no fixed or certain date was agreed upon for a decision. The parties agreed that the motion might be heard January 27th or at the earliest practicable date thereafter convenient to the court, and decision thereon might be postponed beyond the time limits set out in the Rule.

▪ Sunday, January 26th was the 45th day after the filing of the motion for new trial. Under Rule 4, Monday, January 27th would be included in computing time within which the motion could be heard and decision be made thereon. Hearing was actually had on the 27th, but no decision was made. No decision having been made on the 27th, the motion for new trial was overruled by operation of law at the expiration of that day.

As applied to this case, Rule 356 requires that a bond for costs on appeal shall be filed with the clerk within 30 days after the date of rendition of order overruling motion for new trial. The bond herein was not filed until March 14th, which is more than 30 days after the motion for new trial was overruled by operation of

law. Such filing is not a compliance with the rules. Jones v. Campbell, Tex.Civ.App., 188 S.W.2d 679, wr. ref.; Lucchese v. Specia, Tex.Civ.App., 281 S.W.2d 725, wr. ref.; Glidden Co. v. Aetna Casualty & Surety Co., 155 Tex. 591, 291 S.W.2d 315.

The appeal is dismissed.

DAVIS, Justice.

I dissent. Plaintiffs-appellants, Jessie Arena Holland and husband, Jesse Holland, sued defendants-appellees, Foley Brothers Dry Goods Company, Inc., Federal Department Stores, Inc., and Alfred Lewis Holder, for damages alleged to have been sustained by Jessie Holland and a truck belonging to the corporate appellees and being driven by appellee Holder.

Trial was to a jury and judgment was entered on December 2, 1957, that appellants take nothing. Appellants filed a motion for a new trial on December 12, 1957. Being unable to get it heard and determined within the 45-day period of time fixed by Rule 329-b, V.A.T.R.C.P., appellants' counsel entered into a written agreement with counsel for appellees on January 24, 1958, within the 45-day period of time, as follows (omitting caption):

"To the Honorable Judge of said Court:

"Comes Now the attorneys of record for the Plaintiffs and defendants, and, pursuant to Rule 329-B, Texas Rules of Civil Procedure, agree as follows:

"I.

"That the hearing for the hearing of, and the decision on, the Plaintiffs' Motion for New Trial may be postponed beyond such time limits as are set out in said Rule 329-B.

"II.

"The parties further agree that the said Motion may be heard on Monday,

January 27, 1958 at the convenience of the Court, or, at the earliest practicable date thereafter convenient to the Court.

"Respectfully submitted

"Smith & Lehmann
By: /s/ T. O. McWhorter
Thomas O. McWhorter
Attorney for Plaintiffs,
Jessie Arena Holland, Et Vir.

"Baker, Botts, Andrews & Shepherd
By: /s/ Charles Tighe
Attorney for Defendants."

The motion for new trial was heard on January 27, 1958, but the order overruling the same was not signed until February 20, 1958.

The order overruling the motion (omitting the caption) reads as follows:

"On the 27th day of January, 1958, came on to be heard the Motion of the Plaintiffs for a New Trial in the above entitled and numbered cause; and the parties having filed in this cause an agreement that the decision on said motion might be postponed, in accordance with Rule 329-B, Texas Rules of Civil Procedure, beyond such time limits as are set out in said Rule, and the Court in its discretion having postponed the time for hearing of such motion in accordance with said Rule, and such motion having been thus presented to the Court in due time, manner and form, and with due notice, and, the Court having taken the said motion under advisement, and it appearing to the Court that such motion should be overruled,

"It is hereby accordingly Ordered, Adjudged and Decreed that the same be, and it is hereby overruled.

"To which action and ruling of the Court the plaintiffs excepted and gave notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas, sitting at Houston, Texas.

"Done and Entered at Houston, Texas, on the 20th day of February, 1958.

"/s/ Phil Peden
Judge Presiding
"Approved as to Form:

"Smith & Lehmann
By /s/ T. O. McWhorter
Attorneys for Plaintiffs

"Baker, Botts, Andrews & Shepherd
By /s/ Charles L. Tighe
Attorneys for Defendants."

Appellants filed their appeal bond on March 14, 1958.

It is my considered opinion that if "substantial justice" is done in this case and Rule 1, V.A.T.R.C.P., is complied with that this Court has jurisdiction of this appeal. This is also in keeping with the sound rule announced in the case of Hamill v. Samuels, 104 Tex. 46, 133 S.W. 419, 421, wherein Mr. Chief Justice Brown said: "It is the policy of the Legislature and of the courts to construe liberally all provisions of the statutes so as to secure the right of appeal." If liberal construction is given to Rule 329-b and Rule 306a, V.A.T.R.C.P., then the appeal bond is filed in time.

Now, I invite careful attention to the wording of the agreement and the order of the court overruling the motion for a new trial. There can readily be seen a distinction in this agreement and the authorities cited in support of the opinion. I also invite a careful study of Rules 1 and 306a, supra. I will not try to point out in detail the differences in the agreement in the cases cited and the agreement in this case. Of course, some of the agreements in the cases cited were made *after* the motion for rehearing had already been overruled by operation of law. Unquestionably, if the court had pronounced his judgment on

the motion for rehearing on January 27, 1958, and had not signed the order overruling the same until February 20, 1958, the appeal would have been timely perfected. There is not anything in the rules that prohibits a trial court from taking such matters under advisement. To construe Rule 329-b, supra, to the effect that a trial court could not take a matter of such importance as we have before us, with the points raised and the volume of the record under advisement and to act within a reasonable time is to place a construction upon a rule of procedure that is extremely narrow and would only have as its purpose to defeat justice.

Undoubtedly counsel for appellees, counsel for appellants and the trial court construed the agreement to be in conformity with Rule 329-b, supra. To construe the agreement to be in compliance with Rule 329-b, or to construe Rule 306a as being applicable would not be nearly so liberal a construction of the rules of procedure as that given in Houston Life Ins. Co. v. Dabbs, Tex.Com.App., 125 Tex. 100, 81 S.W.2d 42, opinion adopted by Sup.Ct., in holding that where a motion for new trial is overruled by operation of law that no notice of appeal is necessary regardless of the inflexible requirements of the then current rules requiring the giving of notice of appeal; now Rule 353, V.A.T. R.C.P.

If a trial court can give so much time to a trial on the merits, Jones v. Jimmerson, Tex.Civ.App., 302 S.W.2d 161, wr. ref. n. r. e., where the court heard all testimony in two days and then continued it until the eighth term thereafter, and then be denied the right to hear the testimony on a motion for a new trial and take the same under advisement for a short while is not adequate to me.

If the "Substantial Justice Rule" has any application at all in Texas, the Supreme Court should grant a writ of error in this and reverse the foregoing opinion. The foregoing opinion is based upon a construction of a rule of procedure, not of substantive law. As pointed out in Chambers v. Fisk, 15 Tex. 335, "Substantial Justice" is justice administered according to the rules of substantive law notwithstanding errors of *procedure*. Interstate Bankers Corp. v. Kennedy, D.C.Mun.App., 33 A.2d 165; 40 Words and Phrases, Substantial Justice, p. 503.

I would grant the motion for new trial and reinstate the opinion of this court handed down January 20, 1959.