Gerald WEATHERLY, Appellant,

v.

Alberto PENA, Jr., et al., Appellees.

Consuelo Madrigal PENA et vir, Appellant,

v.

Alberto PENA, Jr., Appellee.

Nos. 13587, 13602.

Court of Civil Appeals of Texas.

San Antonio.

April 13, 1960.

Rehearing Denied May 11, 1960.

Gerald Weatherly, Laredo, for appellants.

Frank R. Nye, Jr., Rio Grande City, L. Hamilton Lowe, Austin, for appellees.

BARROW, Justice.

By order of this Court, the above causes have been consolidated for hearing and disposition.

The appeal in Cause No. 13587, being Cause No. 586 in the District Court of Zapata County, is by Gerald Weatherly from a judgment sustaining the plea in abatement of the defendant, Alberto Pena, Jr., and dismissing the cause.

The appeal in Cause No. 13602, being Cause No. 3157 in the District Court of Starr County, is from a final judgment that plaintiff, Consuelo Madrigal Pena, take nothing as against the defendant, Alberto Pena, Jr.

The facts pertaining to both cases are as follows:

On July 12, 1946, Consuelo Madrigal Pena obtained a divorce judgment against her then husband, Alberto Pena, Jr., and a settlement of their property rights then existing. This judgment was duly rendered by the District Court of Starr County, Texas. On October 1, 1958, Consuelo Madrigal Pena and her present husband, Raul Pena, filed Cause No. 3157, in the same court, to set aside said property settlement and reopen and equitably and fairly re-adjudicate the rights of the parties.

The defendant, Alberto Pena, Jr., was duly cited but his answer was not filed, for reasons that need not be discussed herein. On November 7, 1958, default judgment was rendered in favor of plaintiff Consuelo Madrigal Pena against Alberto Pena, Jr., setting aside the former judgment and awarding judgment in favor of Consuelo Madrigal Pena for the sum of $14,000, with interest thereon from and after July 10, 1946, and, among other things, fixing a lien upon certain property in Zapata County,

Texas, in accordance with the allegations of plaintiffs' petition. The decree contained other provisions not material here.

Thereafter on November 10, 1958, the defendant, Alberto Pena, Jr., duly filed his motion for a new trial in said cause. On December 8, 1958, said motion was presented to the court and hearing thereon begun, whereupon the following agreement by plaintiffs and defendant was executed and filed:

"By this written agreement of the parties in the case, Cause No. 3157, in the District Court of Starr County, Texas, styled Consuelo Madrigal Pena et vir, Plaintiffs, vs. Alberto Pena, Jr., Defendant, it is stipulated and agreed by and among the parties in the case, as to defendant's motion for new trial, heretofore filed and remaining on file in this cause, that the proponent thereof,—to-wit, said defendant,—did present the same to the Court within thirty (30) days after the same was filed, that the hearing on said motion has been duly and timely begun that said hearing is now hereby recessed by agreement of the parties, plaintiffs and defendant, until eleven o'clock a. m. January 17, 1959, that the decision of the said motion is hereby postponed to a later date,—that is, to January 17, 1959, or thereafter, as suits the convenience of the Hon. Cullen W. Briggs, the Judge who is handling and hearing said motion—that the time in which the said motion must be determined is hereby extended accordingly, and that said motion may be acted upon, according to this stipulation, within the next term of Court,—to wit, the January, 1959, Term of the District Court of Starr County, Texas,—agreeable to the provisions of Rule 329–b of the Texas Rules of Civil Procedure.

"Witness our signatures this eighth day of December, A.D. 1958, at Rio Grande City, Starr County, Texas:

"Gerald Weatherly, 510 Grant St., P.O. Box 1386, Laredo, Texas,

Luther E. Jones, Jr., 338 Laurel Drive, Corpus Christi, Texas,

Arnulfo Guerra, Roma, Texas, Plaintiffs' Attorneys and Counsel,

by /s/ Gerald Weatherly of Counsel.
/s/ Magus F. Smith Defendant's Counsel."

On said date an order was entered by the trial court postponing the hearing on said motion until eleven o'clock a. m. January 17, 1959. On January 17th, an order was entered, by agreement of counsel, vacating and holding for naught the aforementioned default judgment and granting a new trial, and also granting leave to all parties to amend pleadings as they might see fit.

On November 12, 1958, there was filed among the papers in the case an instrument executed and acknowledged by Consuelo Madrigal Pena and husband, Raul Pena, whereby they transferred and assigned to Gerald Weatherly and Arnulfo Guerra, their attorneys in said cause, an undivided one-third interest in the default judgment aforesaid.

On July 22, 1959, Gerald Weatherly filed suit, being Cause No. 586, in the District Court of Zapata County, against Alberto Pena, Jr., Consuelo Madrigal Pena, Raul Pena and Arnulfo Guerra, seeking as against Alberto Pena, Jr., an accounting of all property and assets of a certain business then conducted by Alberto Pena, Jr., and alleged to be a part of the foregoing community estate, seeking to establish and foreclose a lien on certain real estate in the Town of Zapata, Zapata County, Texas, and to divide the proceeds of such recovery between himself and the defendants Consuelo Madrigal Pena and Arnulfo Guerra. In substance, this suit was brought by Weatherly to recover his interest in the

property mentioned in the aforesaid divorce judgment.

The defendant, Alberto Pena, Jr., plead in abatement the pendency of the suit in Starr County, Texas, involving the property sought to be recovered in the Zapata County suit, which plea in abatement was on October 15, 1959, sustained by the court and said suit was dismissed.

On November 16, 1959, the Starr County case, styled Consuelo Madrigal Pena et vir v. Alberto Pena, Jr., was duly called for trial, whereupon the plaintiffs filed what has been denominated a petition "By Way of Protestation," urging that a final judgment had theretofore been entered in said cause and that the court's action in granting a new trial was void in law.

The decision and disposition of the appeals in both of these causes involve the validity and sufficiency of the agreement of counsel postponing the hearing of the motion for new trial in Cause No. 13602, being Cause No. 3157 in the trial court.

██ There is no question that the proceedings were regular and in strict conformity with the requirements of Rule 329–b, Texas Rules of Civil Procedure, up to the entry of the aforesaid agreement and the order of the court pursuant thereto. There is no question that the postponement must be predicated upon an agreement of the parties in the case to postpone the hearing and that a fixed or certain date for hearing be set out in the agreement. Pierce v. Loyd, 131 Tex. 401, 114 S. W.2d 867; Moore v. Decuir, Tex.Civ.App., 286 S.W.2d 471.

██ Appellants contend that the agreement of counsel does not comply with the requirements of Rule 329–b, supra, in that the written agreement does not postpone decision to a definite date, and that, consequently, the court lost jurisdiction to act on said motion, that said motion was overruled by operation of law at the end of 45 days after the filing of the original motion,

no amended motion having been filed. We overrule that contention.

The first part of the written agreement plainly says that the hearing on the motion was duly and timely begun, and then stipulates that the hearing is recessed "until eleven o'clock a. m. January 17, 1959, *that the decision of the said motion is hereby postponed to a later date,—that is, to January 17, 1959,* or thereafter, \* \* \*." Then follows a further and additional provision in language strikingly similar to that condemned in Holland v. Foley Bros. Dry Goods Co., Tex.Civ.App., 324 S.W.2d 430.

The careful trial judge, in conformity with the first part of the agreement, entered an order setting the hearing for 11:00 o'clock a. m. on January 17, 1959, and on that date actually made, signed and entered the order vacating the default judgment and granting a new trial.

Appellants rely strongly on the holding in Holland v. Foley Bros. Dry Goods Co., supra. We are in full accord with the holding in that case. The distinction between the agreement of the parties in that case, which appears on page 431 of 324 S. W.2d, and the agreement in this case is readily apparent. The agreement in that case shows that no fixed or certain date was agreed upon. The parties agreed that the motion might be heard on January 27, 1958, "at the convenience of the Court, or, at the earliest practicable date thereafter convenient to the Court." and that the decision might be postponed beyond the time limits set out in Rule 329–b, supra. The crux of the holding was that the agreement did not provide that the hearing was postponed to a definite date. January 27, 1958, was only mentioned as a date on which the motion might be heard. In the present case the agreement, in definite and certain language, recesses the hearing until January 17, 1959, and also postpones the hearing until 11 o'clock a. m. on January 17, 1959, a fixed, definite and certain date and hour. We think the agreement is in compliance with Rule 329–b. No one mis-

understood the agreement or the order made by the court. The matter was heard and disposed of on January 17, 1959. The fact that the instrument contained a further agreement which is undoubtedly void under the rule, did not in the least detract from the agreement fixing a definite date, which was fully understood and acted on. Since the proceedings fully complied with the requirements of Rule 329-b, T.R.C.P., the court's decree vacating the default judgment is valid and binding.

Appellants attack the final judgment in the Starr County case on three points: 1. That the court erred in overruling appellants' "Protestation." 2. That it was error to render a take nothing and pay all costs judgment on the record in the case. 3. That the court erred in not vacating the order of January 17, 1959, setting aside the default judgment, and also in failing to set aside the take nothing and costs judgment.

The final judgment rendered and signed on November 16, 1959, states that the cause came on to be heard in its regular order. That appellants came by their attorneys and presented what appellants denominated a "Protestation," and sought to have said cause dismissed on the ground that a final judgment had already been entered in the case. That the court overruled said protestation. That thereafter appellants declined to go forward and put on any evidence in support of their cause of action. Counsel for plaintiffs stating that he would stand upon his protestation. Whereupon, the defendant having announced ready for trial, the court rendered judgment that plaintiffs take nothing and pay all costs.

Appellants' protestation is based entirely on the proposition that the court entered a void order in setting aside the default judgment theretofore rendered in their favor, and therefore the case had been finally disposed of and was not pending.

■ From the language of appellants' second and third points it is difficult to determine their precise complaint. But if these points be construed as complaining of a take nothing judgment as distinguished from a dismissal for want of prosecution, we think appellants have waived such complaint for failure to brief the same. Whitson Co. v. Bluff Creek Oil Co., Tex.Civ.App., 278 S.W.2d 339, affirmed, 156 Tex. 139, 293 S.W.2d 488; Adams v. State Board of Insurance, Tex.Civ.App., 319 S.W.2d 750; Reiswerg v. Martinez, Tex.Civ.App., 299 S.W.2d 388; Keahey v. Jones, Tex.Civ.App., 291 S.W.2d 767; Kirkman v. Alexander, Tex.Civ.App., 280 S.W.2d 365; Grady v. Dallas Ry. & Terminal Co., Tex.Civ.App., 278 S.W.2d 282; Butterfield Sales Co. v. Armstrong, Tex.Civ.App., 278 S.W.2d 194; Crowell-Gifford Furniture Co. v. Cloutman, Tex.Civ.App., 276 S.W.2d 539.

■ Moreover, the record does not reflect that appellants in the trial court complained of the court proceeding with the case after overruling their protestation. The record does not show that they requested a postponement or continuance, or sought any delay at all, or sought to take a nonsuit. This is not a case in which appellants, as plaintiffs, made default. The record shows that appellants appeared and interposed a plea in bar to the court taking any action at all in the case. The plea is in effect a plea of res adjudicata. It is even more than that. It is a plea that the very proceeding in which the court was engaged was already disposed of. We have carefully considered appellants' brief and it is apparent that they make the same contention here as in the trial court. So far as the record discloses, appellants made no contention in the trial court that the judgment should have been a dismissal for want of prosecution, and from appellants' brief we can find no such contention in this Court. Under the circumstances, the trial court's action in entering a take nothing judgment was proper and should be affirmed. Munger Oil & Cotton Co. v. Beckham, Tex.Com.App., 228 S.W. 128.

Since the alleged cause of action in the Zapata County case was brought to enforce the default judgment in the Starr County case, which judgment had long since been vacated and annulled, the suit was prematurely brought and the court's action in sustaining the plea in abatement and dismissing the suit was proper.

The judgment of the trial court in each of said causes is affirmed.