**TEXAS PACIFIC INDEMNITY COMPANY,**
Appellant,

v.

**BUILDING MATERIAL DISTRIBUTORS,**
**INC., Appellee.**

No. 18211.

Court of Civil Appeals of Texas,
Dallas.

Oct. 11, 1973.

Rehearing Denied Nov. 1, 1973.

Larry L. Gollaher, Thompson, Coe, Cousins, Irons & Porter, Dallas, for appellant.

Wm. Burrow, Burrow & Earls, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

The former opinion of this court rendered on July 12, 1973 is withdrawn and the following substituted therefor.

Following trial on the merits judgment was rendered on December 18, 1972. Appellant Texas Pacific Indemnity Company timely filed its motion for new trial and its amended motion for new trial. Prior to hearing the motion the parties entered into three consecutive written agreements. The first agreement is as follows:

"AGREEMENT TO POSTPONE HEARING ON AMENDED MOTION FOR NEW TRIAL

"It is agreed by and between counsel for Plaintiff and counsel for Defendant that because of the schedules· of counsel and of court, it is impossible to submit for hearing the Amended Motion for New Trial of the Defendant within the forty-five (45) days after the filing of such Amended Motion as required by Rule 329b, Texas Rules of Civil Procedure. It is therefore agreed that the Court has set such motion for hearing

for Friday, March 9, 1973 at 9:00 a. m. and that such date is agreed to by all counsel as being the earliest practical date for such hearing. It is therefore agreed that pursuant to subsection 3 of Rule 329b, the date for hearing is postponed to March 9, 1973 at 9:00 a. m."

The parties then executed a second agreement as follows:

"SECOND AGREEMENT TO POSTPONE HEARING ON AMENDED MOTION FOR NEW TRIAL

"Counsel for Plaintiff and Defendant have learned that the Honorable Hoyet Armstrong, Presiding Judge at the trial of this cause, is compelled by illness of his mother to pass the hearing on Defendant's Amended Motion for New Trial set by agreement for Friday, March 9, 1973. It is therefore agreed that it is now impossible to have the hearing on the date indicated. It is further agreed that the hearing on such Amended Motion for New Trial is set for the 9th day of April, 1973, at 9:00 a. m."

The second agreement was amended as follows:

"AGREEMENT

"It is agreed by and between counsel for Plaintiff and Defendant that the Agreement previously reached for hearing on the amended motion for new trial filed by Defendant herein is amended and that hearing will be held on April 6, 1973."

The appellee moved to dismiss the appeal as not being timely perfected, contending that the agreements do not comply with the requirements of Rule 329b.*

The sole question before us is whether the agreements set out above meet the requirements of Rule 329b. We are particularly concerned with the provisions of sub-

---

* All references to rules are to Vernon's Texas Rules of Civil Procedure.

divisions 3 and 4 of that rule. Subdivision 3 provides:

"All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by one or more successive written agreements of the parties in the case filed with the clerk of the court the *decision* of the motion is postponed to a day certain specifically set out in any such agreement. Any such day certain shall not be more than ninety (90) days after such original or amended motion is filed." (Emphasis supplied.)

Subdivision 4 of the rule provides:

"It shall be the duty of the proponent of an original or amended motion for new trial to present the same to the court within thirty (30) days after the same is filed. However, at the discretion of the judge, an original motion or amended motion for new trial may be presented or hearing thereon completed after such thirty (30) day period. Such delayed hearing shall not operate to extend the *time within which the original* or amended motion must be *determined,* unless such time be extended by agreement as provided for in the preceding subdivision of this rule. In the event an *original motion or amended motion for* new trial be not presented within thirty (30) days after the date of the filing thereof, and the judge in his discretion refuses to consider the same or refuses to hear evidence relating thereto, such motion will be overruled by operation of law forty-five (45) days after the same is filed, unless disposed of by an order rendered on or before said date. In the event the decision of the motion is postponed by any written agreement as provided in subdivision 3 of this Rule then any such original or amended motion, if not determined by the court, will be overruled by operation of law ninety (90) days after the same is filed or on the latest day certain agreed upon,

whichever occurs first." (Emphasis supplied.)

Appellee takes the position that the agreements set out above do not comply with the mandatory provisions of the rule in that they do not in express terms postpone the *decision* to a day certain specifically set forth in the agreement. Appellant contends that an agreement that postpones the court "hearing" by implication postpones the "decision" also. It asserts that neither party was misled by the agreement and that no objection was filed. It also points out that the court decided the matter on the date agreed upon, and urges that Rule 329b should be liberally construed in the light of Rule 1. Within the limits of the express factual situation here presented we agree with appellant.

■ In order to comply with Rule 329b a fixed or certain date for the *decision* must be agreed upon and set out in the agreement. Holland v. Foley Brothers Dry Goods Co., 324 S.W.2d 430 (Tex.Civ. App.—Texarkana 1959, writ ref'd) ; Moore v. Decuir, 286 S.W.2d 471 (Tex.Civ.App. —Galveston 1956, writ ref'd). Although no court has specifically ruled that a motion to postpone the hearing does not also operate to postpone the decision, grave doubt concerning this has been expressed by the Supreme Court in Texas Employers' Ins. Ass'n v. Martin, 162 Tex. 376, 347 S. W.2d 916 (1961).

The language of the rule, read in the light of these cases, clearly requires that a date for *decision* be specifically set out in the agreement. The question is whether the agreements in this case can be construed to comply with the requirement of the rule.

■ The appellant contends that the three agreements must be read together, and that if the first agreement is effective to postpone the *decision,* then the next two agreements are likewise effective. Rule 329b(3) provides that the *decision* may be postponed by "one or more successive writ-

ten agreements." The reference to "successive written agreements" supports the appellant's position that the agreements are to be read together. This appears to recognize that the agreements are a succession of the same thing and compels the conclusion that they should be considered together. The third agreement purports to be an amendment of the second agreement; it should be read as a part of that agreement. The second agreement refers to the first agreement, and a reading of same leads to the conclusion that it is an amendment of the first agreement to postpone. Having thus considered the three documents, the question is whether the *decision* was postponed to a day certain specifically set out in the agreements. The appellant contends that postponing the hearing by implication postpones the decision. We recognize the logic of this contention; however, an agreement merely postponing the "hearing" alone would not appear to comply with the requirements of the rule. There is another consideration in this case, however. The first agreement stated that it was being entered "pursuant to subsection 3 of Rule 329b" and went on to postpone the "hearing" to a certain date. Subsection 3 deals only with the postponement of the *determination* of the motion. We interpret this as an expression of intent to comply with Rule 329b(3) and establish the date of hearing as the date of determination. This interpretation of the language is consistent with the wording of the agreement. Otherwise, the reference to subsection 3 of the rule would be meaningless. In construing an instrument the interpretation should be adopted that best effectuates the intention of the parties and that which will harmonize seemingly inconsistent clauses or phrases. If possible, the interpretation should be that which will not annul a portion of the agreement. See Fox v. Lewis, 344 S.W.2d 731 (Tex.Civ.App.—Austin 1961, writ ref'd n. r. e.); Mercer v. Hardy, 444 S.W.2d 593 (Tex.1969). The agreements must be construed to postpone the decision to the date set out.

Our holding this agreement to be in compliance with Rule 329b(3) would be consistent with Weatherly v. Pena, 335 S. W.2d 434 (Tex.Civ.App.—San Antonio 1960, writ ref'd n. r. e.). In that case the hearing was begun and then recessed by agreement of the parties until January 17, 1959, and the decision on the motion was postponed to a "later date"—that is, to January 17, 1959, or thereafter as suits the convenience of "the trial judge." The motion was heard and determined on January 17. The court held the agreement to be in compliance with Rule 329b.

 Our opinion should not be interpreted as holding that an agreement to postpone the *hearing* to a specified date limits the decision to that date. The factor that we find controlling here is the expressed intent to comply with subdivision 3 of the rule.

The motion to dismiss the appeal is overruled.