**Troy O. WILEY, Appellant,**

v.

**Calder ROBERTSON, Individually and d/b/a Robco Auto Service, Appellee.**

No. 16785.

Court of Civil Appeals of Texas, San Antonio.

May 20, 1981.

John H. Gordon, Jr., San Antonio, for appellant.

Thomas C. Hall, San Antonio, for appellee.

On Motion for Extension of Time to File Statement of Facts

CADENA, Chief Justice.

The judgment in this case was rendered on September 8, 1980. The transcript was filed in this Court on February 24, 1981.

Appellant's motion for new trial was filed on September 9, 1980. Under the provision of Rule 329b(3), Tex.R.Civ.P. (1977), in effect at the time, unless such motion was disposed of by an order rendered on or before the expiration of 45 days after it was filed, and the decision of the motion was not postponed by a written agreement to a day specifically set out in such agreement, such motion would be overruled by operation of law on October 24, 1980.

On October 24, 1980, a written agreement, signed by counsel for all parties, was filed. The agreement recites that the parties "hereby Agree to Extend the Time Limit within which Plaintiff's Motion for New Trial must be heard, and we further agree that said Motion for New Trial shall be set for hearing and heard on the 6 [sic] day of November, 1980, . . . "

On November 6, 1980, another written agreement was filed. This instrument evidenced the agreement of the parties that the "time limit within which Plaintiff's Motion for New Trial must be heard" be extended and that the motion for new trial "shall be set for hearing and heard on" December 1, 1980. On December 1, 1980, the trial court signed the order overruling appellant's motion for new trial.

Appellant's motion for extension of time recites that the appeal bond was filed on December 30, 1980. However, the transcript reveals that it was signed on that date and filed, according to the certificate of the clerk of the court below, "on January 5, 1980 [sic]." Since the bond refers to the judgment rendered in September, 1980, and was not executed until December 30, 1980, it is obvious that the clerk's certificate contains a typographical error, and that the bond was not filed until January 5, 1981.

In any event, assuming that the bond was filed on December 30, 1980, it was not timely filed.

■ Paragraph 3 of Rule 329b, in effect at all times relevant to this appeal, clearly requires that a date for *decision* of

the motion for new trial be specifically set out in the agreement. Since the agreements in this case merely postponed the date for the *hearing*, there was no compliance with the requirements of the rule. Therefore, the motion for new trial was overruled by operation of law on October 24, 1980. *See Texas Pacific Indemnity Co. v. Building Material Distributors*, 502 S.W.2d 922 (Tex.Civ.App.—Dallas 1973, no writ). Under Rule 356(a) then in effect, appellant, in order to perfect his appeal, was required to file the appeal bond no later than November 24, 1980, (the 30th day after October 24, 1980, was a Sunday). Since the bond was not timely filed, the appeal must be dismissed.

The motion for extension of time within which to file the statement of facts is denied and the appeal is dismissed.