## J. B. Cooksey v. J. G. Jordan et al.

### No. 7513. Decided January 31, 1912.

**1.—Attorney's Fee—Judgment—Appeal.**

On an agreement to pay reasonable attorney's fees it is not permissible to render judgment for an amount certain therefor and also for an additional amount in case of appeal from the judgment. There can be but one final judgment, unconditional and uncontingent. (P. 619.)

**2.—Practice in Supreme Court.**

Under the Act of September 16, 1911, Laws, 32d Leg., p. 108, where defendant in error has filed in the Supreme Court his answer to the petition for writ of error before action thereon, the Supreme Court may finally dispose of the case on the application for writ of error, without first granting same and setting the cause down for hearing. (P. 619.)

Application for writ of error to the Court of Civil Appeals, Third District, in an appeal from Navarro County.

*R. S. Neblett* and *R. R. Owen,* for plaintiff in error.

*Treadwell & Tarver,* for defendants in error.

ON APPLICATION FOR WRIT OF ERROR.

MR. JUSTICE RAMSEY delivered the opinion of the court.

A writ of error was prosecuted to this court from the judgment of the Court of Civil Appeals for the Third Supreme Judicial District. The opinion of that court, which will be found reported in 140 S. W., 1175, in our judgment correctly decides and disposes of the case except in the respect hereinafter noted.

The judgment of the trial court decreed in favor of Huggins and against plaintiff in error a recovery of the sum of $150 as a reasonable fee for his attorney in the suit, in the event the case was not appealed and provided for the sum of $250 "in the event of an appeal." The judgment of the trial court recites that same is "alternative, final and not conditional," and further that "the clerk of this court is directed on the request of the said Huggins to issue execution on this judgment for One Hundred and Fifty ($150.00) Dollars, interest and costs, if appeal is perfected on this judgment within the manner and time prescribed by law then said writ of execution shall be for the sum of $250.00, interest and costs.". It is urged in the application submitted to us that this judgment is void and is fundamentally wrong in that it imposes a penalty on Cooksey for appealing. The appellee has filed an answer or reply to the petition for writ of error and we are therefore authorized, under the Act of the last Legislature, to finally pass on the matter, if in our judgment it seems best so to do. (Act of September 16, 1911, Laws Thirty-Second Legislature, First Called Session, page 108.) We think on full reflection that the interests of both parties would be subserved by a judgment finally concluding and ending the litigation.

That there can be but one final judgment in any case is elementary. That such judgment may contain provisions for its execution or satisfaction is not to be doubted or denied. The judgment rendered in this case, however, does not fall within this rule. Here there is in effect a judgment unconditional and no manner contingent, for $150.00, and containing, in substance, a provision that in the event an appeal was prosecuted that Huggins should recover the additional sum of $100.00. This provision of the judgment was and is unauthorized in the manner attempted to be rendered. It does not, however, in our opinion, render invalid so much of the judgment as the court had authority, on the hearing of the case, to render. This matter was not assigned as error in the Court of Civil Appeals but was presented as a fundamental error. We think, therefore, that the appellant, Cooksey, should pay the costs incurred in that court as well as in the District Court. It is therefore ordered, adjudged and decreed that the judgment of the Court of Civil Appeals be and the same is hereby reversed

and judgment is here rendered that W. M. Huggins do have and recover of and from J. B. Cooksey and his sureties, Jas. Garrety and M. Sowell, for the sum of $150.00, with six percent interest per annum from April 1, 1910, together with all costs expended in the District Court and in that court, and that plaintiff in error, J. B. Cooksey, recover from said W. M. Huggins all costs incurred in this court.

*Reversed and rendered.*