## NEWSFOTO PUBLISHING CO. et al., Appellants,

v.

## Earl EZZELL, Appellee.

### No. 10676.

Court of Civil Appeals of Texas.

Austin.

Jan. 28, 1959.

Rehearing Denied Feb. 18, 1959.

W. S. Leslie, Thomas G. Thigpin, San Angelo, for appellants.

Hardeman, Smith & Foy, San Angelo, for appellee.

PER CURIAM.

Appellee has moved to dismiss this appeal on the ground that the transcript of the record was not filed in this Court within the time allowed by the Texas Rules of Civil Procedure.

Judgment was entered in the court below on June 20, 1958. All defendants filed motions for new trial on or before June 30, 1958, and, with leave of court, filed amended motions for new trial on or before July 21, 1958.

All such motions were presented to the Trial Court on August 7, 1958, on which date all parties, through their counsel, executed, with the approval of the Trial Court, a written stipulation providing that the time for determining such motions for new trial:

"shall be and the same is hereby extended, and it is agreed that the said Motions for New Trial may be heard

by the Court and the decision rendered thereon by the Court at a time convenient to the Court and the parties, and we agree that the time provided for in the Rules of Civil Procedure may be extended by the Court beyond the time provided in the said Rules of Civil Procedure and to such time as the Court desires to hear said Motions."

The Trial Court conducted a hearing on the motions for new trial on September 12, 1958, and on October 24, 1958, entered an order overruling them.

An appeal and supersedeas bond was filed November 20, 1958.

The transcript of the record was received and filed in this Court on December 29, 1958.

 The stipulation, supra, was ineffective to extend the time for determination of the motions for new trial because it did not specify a day certain as contemplated by Rule 329–b, Sec. 3, T.R.C.P. Moore v. Decuir, Tex.Civ.App., 286 S.W.2d 471, Galveston, C.C.A., writ refused.

Under the rule cited appellants' motions for new trial were overruled by operation of law 45 days after the date on which the amended motions for new trial were filed since there was no valid extension of time for their determination. Since such motions were filed on or before July 21, 1958, the time for determining the motions last filed expired on September 4, 1958.

The time for filing the transcript in this Court expired within 60 days from the date on which the motions for new trial were overruled. Rule 386, T.R.C.P. This date was not later than November 3, 1958.

Since the transcript was filed much later than this date it should not have been filed.

Appellants contend that appellees have waived or are estopped by their conduct to complain of the insufficiency of the stipulation and hence of the delay pursuant thereto. We are of the opinion that the matter is one of jurisdiction as to which waiver and estoppel do not apply. Ortiz v. Associated Employers Lloyds, Tex. Civ.App., 294 S.W.2d 880, Austin, C.C.A.

Motion granted. Appeal dismissed.

On Appellants' Motion for Rehearing

PER CURIAM.

Our records show that the transcript herein was mailed and postmarked at San Angelo, Texas, December 22, 1958 and that it was received December 29, 1958.

With this correction of our former opinion the motion for rehearing is overruled.

Motion overruled.