**Benjamin D. LUCAS, Appellant,**

**v.**

**Jeneise WINDHAM, Appellee.**

**No. 14710.**

Court of Civil Appeals of Texas.

San Antonio.

March 19, 1969.

Waitz, Bretz & Collins, San Antonio, for appellant on brief only.

Biery, Biery, Woods & Davis, San Antonio, for appellee.

PER CURIAM.

Appellant, Benjamin D. Lucas, complains of a judgment rendered by a district court of Bexar County establishing the boundary between his lot and a lot owned by appellee, Jeneise Windham.

Appellant's amended motion for new trial was filed December 18, 1967. On December 19, 1967, the trial court set the motion down for hearing on January 29, 1968. The order overruling the amended motion for new trial was signed on February 14, 1968. The transcript and statement of facts were filed in this Court on April 11, 1968.

According to Rule 329b (4), Texas Rules of Civil Procedure, the amended motion for new trial was overruled by operation of law forty-five days after it was filed, since it was not disposed of by order entered before the expiration of such period. No written agreement of the parties postponing a decision on the motion to a day certain, as contemplated by Rule 329b (3), was filed in the case. Therefore, the motion for new trial was overruled by operation of law on Thursday, February 1, 1968. Rule 386 requires that the transcript and statement of facts be filed in this Court within sixty days from the date that the motion for new trial was overruled by operation of law. This period expired on April 1, 1968. Since no motion for extension of time, as permitted by Rule 386, was filed by appellant, the filing of the record in this Court on April 11, 1968, was not timely, and this Court has no jurisdiction. Rainey v. Isenberg, 349 S.W.2d 733 (Tex.Civ.App.—San Antonio 1961, no writ); Newsfoto Publishing Co. v. Ezzell, 320 S.W.2d 711 (Tex. Civ.App.—Austin 1959, writ ref'd).

Since the motion for new trial was overruled by operation of law on February 1, 1968, the order entered on February 14, 1968, is a nullity and cannot have the effect of extending the time for filing the record in this Court. Flowers v. Muse, 427 S.W. 2d 727 (Tex.Civ.App.—San Antonio 1968, writ ref'd); Alamo Federal Credit Union v. Celedon, 415 S.W.2d 717 (Tex.Civ.App. —San Antonio 1967, writ ref'd n. r. e.); Rule 5, T.R.C.P.

The appeal is dismissed.