**Marian Vise Stanton WINETROUB et vir, Appellants,**

**v.**

**Harold R. STANTON, Appellee.**

No. 14823.

Court of Civil Appeals of Texas, San Antonio.

Feb. 11, 1970.

**242**

Southers, Mendelsohn, Goldberg & Lyons, Les Mendelsohn, San Antonio, for appellants.

Carl Raymond Crites, San Antonio, for appellee.

PER CURIAM.

Appellants, Marian Vise Stanton Winetroub et vir, complain of a judgment of the District Court of Bexar County, Texas, decreeing that appellee, Harold R. Stanton, had shown cause why he should not be held in contempt; that appellants recover nothing from appellee for alleged unpaid child support payments, and that appellants recover nothing from appellee as attorneys' fees. After examining the record prepara-

tory to writing our opinion on the merits, we have discovered that we do not have jurisdiction of this appeal.

Appellants' motion for new trial was filed on April 8, 1969, and the trial court set the motion down for hearing on May 2, 1969. No amended motion for new trial was ever filed. The judgment complained of was rendered and signed on April 21, 1969. Therefore, under Rule 306c, Texas Rules of Civil Procedure, the motion for new trial was deemed to have been filed on April 21, 1969. The order overruling defendant's motion for new trial was signed on June 16, 1969. The transcript was filed in this Court on August 14, 1969, and the statement of facts was filed on August 15, 1969.

The motion for new trial was overruled by operation of law forty-five days after it was filed, since it was not disposed of by order entered before the expiration of such period. Rule 329b, T.R.C.P. No written agreement of the parties postponing a decision on the motion to a day certain, as contemplated by Rule 329b(3), was filed in the case. Therefore, the motion for new trial was overruled by operation of law on June 5, 1969. The order entered on June 16, 1969, overruling appellants' motion for new trial was a nullity, and cannot extend the time for filing the record in this Court. Lucas v. Windham, 439 S.W.2d 159 (Tex. Civ.App.—San Antonio 1969, no writ); Flowers v. Muse, 427 S.W.2d 727 (Tex. Civ.App.—San Antonio 1968, writ ref'd); Alamo Federal Credit Union v. Celedon, 415 S.W.2d 717 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.); Nickel v. Anderson, 399 S.W.2d 220 (Tex.Civ.App.—Corpus Christi 1966, no writ).

Rule 386, T.R.C.P., requires that the transcript and statement of facts be filed in this Court within sixty days from the date the motion for new trial was overruled by operation of law. This period expired on August 4, 1969. The filing of the record within the time prescribed, or the filing of a motion for enlargement of such

time within the period allowed, is mandatory and jurisdictional. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952); Whitt v. Hartgraves, 412 S.W.2d 344 (Tex. Civ.App.—San Antonio 1967, no writ); Greer v. Poulter, 189 S.W.2d 883 (Tex. Civ.App.—Fort Worth 1945, writ ref'd w. o. m.). The transcript was filed in this Court on August 14, 1969, and the statement of facts on August 15, 1969. Since no motion for an extension of time, as permitted by Rule 386, T.R.C.P., was filed by appellants, the filing of the transcript and statements of facts in this Court was not timely, and this Court has no jurisdiction. Lucas v. Windham, supra; Nickel v. Anderson, supra; Rainey v. Isenberg, 349 S.W.2d 733 (Tex.Civ.App.—San Antonio 1961, no writ); Newsfoto Publishing Co. v. Ezzell, 320 S.W.2d 711 (Tex.Civ.App.—Austin 1959, writ ref'd).

The appeal is dismissed.