Daisy **GALLAGHER** et vir, Appellant,

v.

Casper T. **SCHLUNDT**, Appellee.

No. 14830.

Court of Civil Appeals of Texas,
San Antonio.

Feb. 18, 1970.

First Rehearing Denied March 11, 1970.

Second Rehearing Denied April 8, 1970.

Frank Y. Hill, Jr., San Antonio, for appellants.

Beckmann, Stanard, Wood & Keene, Melvin A. Krenek, San Antonio, for appellee.

PER CURIAM.

This is an appeal from a take-nothing judgment entered on a jury verdict in ap-

pellants' suit to recover damages for personal injuries sustained by appellant Daisy Gallagher in an automobile collision. An examination of the record, preparatory to writing our opinion on the merits raises a preliminary question of our jurisdiction because of appellants' failure to timely file the transcript and statement of facts.

Appellants' amended motion for new trial was timely filed on May 19, 1969. On July 9, 1969, an order was signed overruling such amended motion for new trial. The notice of appeal was filed the same day, and the appeal bond was filed on July 17, 1969. The transcript and statement of facts were filed in this Court on September 8, 1969.

■ Rule 329b(4), Texas Rules of Civil Procedure, provides in part that an amended motion for new trial "will be overruled by operation of law forty-five (45) days after the same is filed, unless disposed of by an order rendered on or before said date." No written agreement of the parties postponing a decision on the motion to a day certain was filed as authorized by Rule 329b(3), supra. Therefore, the amended motion for new trial was overruled by operation of law on July 3, 1969. The subsequent order entered on July 9, 1969, purporting to overrule such motion is a nullity and cannot have the effect of extending the time for filing the record in this Court. Washington v. Golden State Mutual Life Ins. Co., 405 S.W.2d 856 (Tex.Civ.App.—Houston 1966, writ ref'd), 408 S.W.2d 227 (Tex.Sup.1966); Lucas v. Windham, 439 S.W.2d 159 (Tex.Civ.App.—San Antonio 1969, no writ); Flowers v. Muse, 427 S.W.2d 727 (Tex.Civ.App.—San Antonio 1968, writ ref'd); Lucchese v. Specia, 281 S.W.2d 725 (Tex.Civ.App.—San Antonio 1955, writ ref'd).

■ Rule 386, supra, requires that the transcript and statement of facts be filed in this Court within sixty days from the date the amended motion for new trial was overruled unless the time is extended as provided by such rule. It is settled law that the filing of the record within sixty days, or the timely filing of a motion for an enlargement of such time is mandatory and jurisdictional. Angelina County v. McFarland, 374 S.W.2d 417 (Tex.Sup.1964); Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952); Alamo Federal Credit Union v. Celedon, 415 S.W.2d 717 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.); Newsfoto Publishing Co. v. Ezzell, 320 S.W.2d 711 (Tex.Civ.App.—Austin 1959, writ ref'd). No extension of time was sought by appellants.

■ The record here was filed, through inadvertence, sixty-six days after appellants' amended motion for new trial was overruled by operation of law. Such filing was not authorized and this Court's jurisdiction is limited to affirming under Rule 387, supra, or dismissing the appeal.

The appeal is dismissed.

### On Motion for Rehearing.

■ Appellants have timely filed their motion for rehearing, together with a supplemental transcript containing an agreed motion of the parties, together with an order of the trial court postponing the hearing on the amended motion for new trial from June 2, 1969, to June 27, 1969. Such latter date was within the forty-five-day period after the amended motion for new trial was filed and therefore did not postpone the time for determination of said motion past July 3, 1969, when it was overruled by operation of law. Rule 329b, T.R.C.P.; Flowers v. Muse, 427 S.W.2d 727 (Tex.Civ.App.—San Antonio 1968, writ ref'd).

The motion for rehearing is overruled.