### INTERNATIONAL SECURITY LIFE INSURANCE COMPANY, Appellant,

v.

### Robert W. RUSSELL, Appellee.

#### No. 6189.

Court of Civil Appeals of Texas, El Paso.

Oct. 27, 1971.

**654**

A. J. Bryan, Frank H. Pope, Jr., Fort Worth, for appellant.

A. R. Archer, Jr., Monahans, for appellee.

OPINION

PRESLAR, Justice.

Appellee brought suit against Appellant insurance company to recover medical expenses under a policy of hospitalization insurance. The trial Court rendered judgment for the insured.

The record reflects that Appellee purchased an insurance policy from Appellant approximately three (3) years before the date of trial; that all premium payments were timely made and that Appellee was admitted to Midland Memorial Hospital in March of 1969. Appellee remained in the hospital for thirty-two (32) days, incurring a hospital bill for fourteen-hundred-sixty-three dollars ($1,463.00), and doctor bills in excess of five-hundred dollars ($500.00). Appellant's insurance policy provided for a maximum payment of $1,000.00.

By his first point of error, Appellant contends that Appellee failed to prove Midland Memorial Hospital was a "legally constituted hospital" as that term was defined in the policy, as distinguished from a "rest home" or "nursing home". It is not necessary to set out Appellant's definition of a legally constituted hospital, as the exhibits introduced into evidence fulfill Appellant's requirements. Further, the Appellant's counsel stated:

"We will stipulate that the charges were usual, reasonable, customary, and necessary."

There is no error. See International Security Life Insurance Company v. Helm, 447 S.W.2d 956 (Tex.Civ.App. Tyler, 1969, no writ history); International Security Life Insurance Co. v. Rosson, 466 S.W.2d 52 (Tex.Civ.App. Amarillo, 1971, n. w. h.). Appellant's first point of error is overruled.

By his second point of error, Appellant states that it was not shown what

portion, if any, of Appellee's expenses were paid by Medicare. The record reflects Appellant unilaterally amended the policy in question after Appellee had submitted his claim excluding coverage for any amount paid by Medicare. Further, Appellant testified that Medicare had paid "a little over six-hundred dollars". Appellee incurred expenses over One-Thousand-Six-Hundred dollars ($1,600.00), and disregarding the Medicare "rider", Appellant would still have been liable for the maximum amount of $1,000.00. Appellant's second point of error is overruled.

Appellant's third point of error alleging that services and materials furnished by the hospital to Appellee were not furnished under the supervision of a licensed doctor has been examined and is without merit. Appellant's third point of error is overruled.

■ Appellant's fourth and fifth points of error relate to the awarding of attorney's fees by the trial Court. First, it is argued that the amount of $1,480.00 was excessive, and secondly, that the portion of the judgment providing for attorney's fees on appeal is invalid. The figure of $1,480.00 was computed on the documented time expended on the case by Appellee's lawyer (37 hours), and multiplied by $40.00 per hour, a figure that Plaintiff's witness testified would be reasonable for a lawyer who had practiced approximately twenty years. Appellant did not dispute Appellee's computation of time spent on the case at bar, and did not question the figure of $40.00 per hour as a reasonable charge. The evidence reflects a considerable amount of time spent on the case by counsel for Appellee, and we hold the award of attorney's fees to be reasonable. Appellant's fourth point of error is overruled.

■ Appellant's fifth and final point of error attacking that part of the trial Court's judgment awarding attorney's fees on appeal is well taken. The portion of judgment in dispute reads as follows:

"If an appeal is perfected and judgment rendered by the Court of Civil Appeals in and for the Eighth Supreme Judicial District or other appropriate Court of Civil Appeals, an additional One-Thousand dollars; and in the event that Application for Writ of Error is granted by the Supreme Court and prosecuted to final judgment in the Supreme Court of the State of Texas, an additional One-Thousand dollars."

Appellant cites as authority for the proposition that such language is invalid, Cooksey v. Jordan, 104 Tex. 618, 143 S.W. 141 (1912), in which the Supreme Court of Texas struck down an award of attorney's fees couched in wording similar to the aforementioned language.

The Supreme Court recently reexamined and discussed the holding in Cooksey (supra), in International Security Life Insurance Company v. Spray et vir, 468 S.W.2d 347 (Texas 1971). The provisions in the trial Court's judgment awarding attorney's fees in Spray (supra) read:

"It is further ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff herein have and recover judgment of and from the Defendant in the sum of $1,750.00 as attorney's fees, and it is the further judgment of the Court that if Defendant herein does not appeal this cause, the said judgment should be credited with $1,000.00 as attorney's fees, leaving recovery for attorney's fees herein the sum of $750.00. It is the further judgment of the Court that if the Defendant appeals this cause to the Court of Civil Appeals and said cause is not carried by appeal or writ of error to the Supreme Court of Texas, that its judgment be credited with the sum of $500.00 on attorney's fees, leaving the recovery for attorney's fees herein in the sum of $1,250.00."

**656**

It is readily apparent that the language awarding attorney's fees in the case at bar differs from the approved language in Spray (supra) in that an extra fee is *added* in the event of subsequent appeal. Grimes v. Robitaille, 288 S.W.2d 211 (Tex.Civ.App.1956, writ ref'd, n. r. e.); Preferred Life Ins. Co. v. Dorsey, 281 S. W.2d 368 (Tex.Civ.App.1955, writ ref'd, n. r. e.).

The proper form of the judgment should fix a total award, with provision for reduction by remittitur in the absence of future appellate steps, Spray (supra). We therefore reform the quoted portion of the trial Court's judgment to read as follows:

"It is further ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff herein have and recover judgment of and from the Defendant in the sum of $3,480.00 as attorney's fees, and it is the further judgment of the Court that if Defendant herein does not appeal this cause, the said judgment should be credited with $2,000.00 as attorney's fees leaving recovery for attorney's fees herein in the sum of $1,480.00. It is the further judgment of the Court that if the Defendant appeals this cause to the Court of Civil Appeals and said cause is not carried by appeal or writ of error to the Supreme Court of Texas, that its judgment be credited with the sum of $1,000.00 on attorney's fees, leaving the recovery for attorney's fees herein in the sum of $2,480.00."

This form of judgment achieves certainty. The attorney fees allowed are to be taxed as part of the costs of the case by the provisions of V.A.T.S. Insurance Code, Art. 3.62. The amount of such fee which the clerk of the Court would place in a writ of execution can be determined by a ministerial act.

As reformed, the judgment of the trial Court is affirmed.