Paula Valdez **RODRIGUEZ** et al.,
Appellants,

v.

Jesus **VALDEZ** et al., Appellees.

No. 15412, Motion No. A 3290.

Court of Civil Appeals of Texas,
San Antonio.

March 12, 1975.

Rehearing Denied April 9, 1975.

M. N. Garcia, Austin, for appellants.

Dooley & Hoerster, Gerald W. Schmidt, Fredericksburg, for appellees.

PER CURIAM.

Julian Valdez and Jesus Valdez, appellees, have filed a motion to dismiss appellants' appeal for want of jurisdiction. In the meantime, the transcript was received and filed by our Clerk. The pivotal question is whether appellants can base their appeal on the judgment nunc pro tunc entered on September 20, 1974. If so, the appeal has been timely perfected. See

Rule 306b, Texas Rules of Civil Procedure (1967).

On May 1, 1974, the County Court of Gillespie County, Sitting in Matters Probate, denied appellants' contest of the probate of the Will of Tiburcia Valdez, Deceased, and confirmed the order admitting it to probate.[1] The judgment contains a notice of appeal to the "District Court of Gillespie County, Texas." An appeal was not timely perfected from this judgment. On September 20, 1974, appellants, through a different attorney, filed in the County Court their motion to enter a judgment nunc pro tunc in said cause. It was alleged in this motion that the recitation of notice of appeal to the District Court was a clerical error which should be corrected to reflect their notice of appeal to the "Court of Civil Appeals of Gillespie County, Texas." This motion was heard and granted on the date filed although appellees made no appearance and aver that they did not receive notice of the motion until after it had been heard. No other change was made in the judgment of May, 1974.

Rule 316, Tex.R.Civ.P. (1967), provides:

"Mistakes in the record of any judgment or decree may be amended by the judge in open court according to the truth or justice of the case after notice of the application therefor has been given to the parties interested in such judgment or decree, and thereafter the execution shall conform to the judgment as amended.

"The opposite party shall have reasonable notice of an application to enter a judgment nunc pro tunc."

Under this rule, only *clerical* errors, as distinguished from *judicial* errors,

may be corrected. Universal Underwriters Insurance Co. v. Ferguson, 471 S.W.2d 28 (Tex.1971); Reavley & Orr, Trial Court's Power to Amend its Judgments, XXV Baylor L.Rev. 191, 194–198 (1973). This limited use of a judgment nunc pro tunc was recently restated by the Supreme Court in Anderson v. Casebolt, 493 S.W.2d 509 (Tex.1973), as follows:

"As we pointed out in A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853 (1952), the trial court may not make an order that simply affirms a former judgment and thereby enlarge the period for perfecting an appeal." (citing authorities)

The two judgments signed by the County Judge of Gillespie County are identical except for the place for appeal. This error was undoubtedly brought about by the amendment of Sec. 5, Vernon's Tex. Prob.Code Ann., Acts 1973, 63rd Leg., p. 1684, Ch. 610, Sec. 1, together with the amendment to Art. 5, Sec. 8 of the Texas Constitution, Vernon's Ann.St. on November 6, 1973, which requires such appeals to be to the Court of Civil Appeals. It is seen that the nunc pro tunc judgment was entered long after the time had expired for perfection of appeal from an order of the County Court. Furthermore, the judgment of May 1, 1974, had become final. See Rule 329b(5), Tex.R.Civ.P. (1967).

We conclude that the judgment entered nunc pro tunc on September 20, 1974, was null and void and did not revive the judgment of May 1, 1974, for the sole purpose of permitting appellants to perfect their appeal. It is therefore unnecessary to consider appellees' contention that they had no notice of the motion for the judgment nunc pro tunc prior to its entry.[2]

The appeal is dismissed for want of jurisdiction.

---

1. The date of the signing of the judgment is not given pursuant to the direction set forth in Rule 306a, Tex.R.Civ.P. (1967). Therefore, we must presume that the judgment was signed on May 1, 1974. Dean v. Warren, 464 S.W.2d 672 (Tex.Civ.App.—Tyler 1971, no writ).

2. See Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148 (1952); Cargill, Inc. v. Van Deweghe, 384 S.W.2d 216 (Tex.Civ.App.—Texarkana 1964, no writ).