**Mike HAMRAH, Appellant,**

v.

**Fred P. HAMRAH, Appellee.**

**No. 19104.**

Court of Civil Appeals of Texas, Dallas.

Jan. 11, 1977.

Rehearing Denied Feb. 22, 1977.

W. W. Mitchell, III, Berman, Fichtner & Mitchell, Dallas, for appellant.

Christopher M. Weil, Weil, Craig & Fischman, Dallas, for appellee.

### PER CURIAM.

On our own motion, we raise the jurisdictional question that the transcript was not filed within the sixty days required by Tex. R.Civ.P. 386. This question arises from the circumstance that the judge signed a draft of judgment on May 6, 1976, and then signed another on June 30, 1976, designated "nunc pro tunc." Appellant appeals from the second judgment, and his transcript was not timely if his time began running from the original judgment. We hold that we have no jurisdiction because the second judgment made no material change in the original judgment and, therefore, did not affect the time for appeal.

Appellant timely filed his original motion for new trial on May 12, 1976, and an amended motion for new trial on June 1. On June 30 the judge signed another draft of judgment which recited that it was entered nunc pro tunc in lieu of the May 6 judgment. On July 9 appellant filed another document entitled "motion for new trial." On July 21 the judge signed an order purporting to overrule appellant's July 9 motion for new trial. Appellant filed his cost bond on August 12, but did not file his transcript in this court until September 20.

If the June 30 nunc pro tunc order materially changed the May 6 judgment, then appellant was authorized to file another motion for new trial on July 9, and the sixty-day period for filing appellant's transcript began to run from July 21, when the judge signed the order overruling the July 9 motion for new trial. Tex.R.Civ. P. 306b. But if the June 30 order did not change the May 6 judgment, the time for filing the transcript began to run from July 15, forty-five days after the amended motion for new trial was filed on June 1, because the amended motion was then overruled by operation of law under Tex.R.Civ. P. 329b(4), and the trial judge had no authority after that date to enlarge the time for taking an appeal. Tex.R.Civ. P. 5.

The only difference between the May 6 judgment and the June 30 nunc pro tunc judgment is in the wording of the award of attorney's fees. That portion of the May 6 order reads as follows:

ORDERED, ADJUDGED and DECREED that FRED P. HAMRAH further have and recover of and from MIKE HAMRAH the sum of $3,500 as a reasonable fee for the services of his attorney in the District Court through overruling of a motion for new trial, if any; that Defendant further have and recover of and from said Plaintiff the sum of $1,000 in the event that an appeal is prosecuted from the judgment herein rendered to a Court of Civil Appeals if such judgment is affirmed by said Court, in whole or in part; and that Defendant further have

**310**

and recover of and from said Plaintiff the sum of $750 in the event that an application for writ of error is prosecuted by Plaintiff from a judgment of the Court of Civil Appeals, and such judgment shall be affirmed by the Supreme Court, in whole or in part, or said Court shall refuse such application for writ of error, or if Defendant shall prosecute an application for writ of error from a judgment of the Court of Civil Appeals, and such application be granted and the judgment of this Court reinstated and affirmed; . . . .

The pertinent portion of the June 30 order reads as follows:

ORDERED, ADJUDGED and DE-CREED that FRED P. HAMRAH further have and recover of and from MIKE HAMRAH the sum of $5,250 as attorney's fees, and it is the further judgment of this Court that if MIKE HAMRAH does not appeal this cause, the said judgment should be credited with $1,750, leaving recovery for attorney's fees herein in the sum of $3,500. It is further the judgment of the Court that if MIKE HAMRAH appeals this cause to the Court of Civil Appeals and said cause is not carried by appeal or writ of error to the Supreme Court of Texas, that its judgment be credited with $750 on attorney's fees, leaving recovery for attorney's fees herein in the sum of $4,500; . . . .

■ The only difference between these two judgments is that the May 6 order awards additional sums to the defendant for attorney's fees if this case is appealed to the court of civil appeals and the supreme court, whereas the nunc pro tunc order first fixes a total award which is the sum of the attorney's fees conditionally awarded in the May 6 judgment and then adds a proviso which allows certain credits in the absence of appellate review. The sums awarded are the same in both orders; the effect of both orders is likewise the same. *International Security Life Insurance Co. v. Spray*, 468 S.W.2d 347, 349-50 (Tex.1971). Consequently, the second judgment cannot be regarded as a change or correction of the first judgment and, therefore, cannot be made the basis for an appeal. *Talmadge Tinsley Co., Inc. v. Kerr*, 541 S.W.2d 207, 208-09 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.).

■ The fact that the clerk of this court received and "filed" the transcript does not confer jurisdiction of the appeal upon this court if we do not have jurisdiction under the Rules of Civil Procedure. *Cf. Blackman v. Housing Authority of City of Dallas*, 152 Tex. 21, 254 S.W.2d 103, 104 (1953) (dictum). Thus, our jurisdiction is limited to dismissing this appeal or affirming on certificate under Tex.R.Civ. P. 387. *Gallagher v. Schlundt*, 452 S.W.2d 529, 530 (Tex.Civ.App. —San Antonio 1970, writ ref'd); *Alamo Federal Credit Union v. Celedon*, 415 S.W.2d 717, 718 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.).

Accordingly, the appeal will be dismissed unless appellee files a motion to affirm on certificate within ten days from this date.

## ON MOTION FOR REHEARING

GUITTARD, Chief Justice.

■ In his motion for rehearing appellant relies chiefly on *International Security Life Insurance Company v. Russell*, 473 S.W.2d 653 (Tex.Civ.App.—El Paso 1971, no writ), to support his contention that there is a material difference between the original judgment, which provides for an attorney's fee to be added to the judgment in the event of appeal, and the judgment nunc pro tunc, which provides that in the event no appeal is taken, the amount of the attorney's fee for the appeal should be credited against the total fee allowed. We disagree with the *Russell* opinion because, in our view, it misconstrues the opinion of the supreme court in *International Security Life Insurance Co. v. Spray*, 468 S.W.2d 347 (Tex.1971). As we understand *Spray*, it holds that there is no material difference between these two forms of judgment and expressly overrules previous decisions to the contrary. Our interpretation of *Spray* is in accordance with that expressed in *Seureau v. Mudd*, 515 S.W.2d 746, 749 (Tex.Civ.App. —Houston [14th Dist.] 1974, writ ref'd n.r. e.).

Appellant further contends that under Tex.R.Civ. P. 306b, the time for appeal runs from the date of signing the judgment nunc pro tunc, which need not make a material change in the original judgment unless the purpose is to extend the time for appeal contrary to Tex.R.Civ. P. 5. We are not concerned with the purpose of the order, but with its effect. We adhere to our holding that if the only effect of an order nunc pro tunc would be to enlarge the time for filing a motion for new trial or appeal bond, then it has no effect, and the appeal must be taken from the original order. Support for this holding may be found in *Rodriguez v. Valdez*, 521 S.W.2d 668, 669 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.); and see *Anderson v. Casebolt*, 493 S.W.2d 509, 510 (Tex.1973). In case of doubt, the appellant can perfect an appeal from both orders. The contrary holding would permit Rule 5 to be easily circumvented by nunc pro tunc orders making immaterial changes of wording that might not appear to have been made solely for the purpose of extending the time for appeal. *See Reese v. Piperi*, 534 S.W.2d 329, 331 (Tex.1976).

Appellant also calls our attention to *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973), in which the supreme court issued a writ of mandamus setting aside as void a judgment nunc pro tunc on the ground that the change which it purported to make in the original judgment was a change of substance in the judgment as rendered rather than the correction of a clerical mistake. The court observed that in some cases relief from such invalid orders might be more easily obtained by an appeal. We do not understand this observation to mean that an appeal from a void nunc pro tunc judgment affords the appellant an opportunity to bring forward grounds for attack upon the original judgment. Under Tex.R.Civ. P. 306b, the right of appeal dates from the signing of a judgment nunc pro tunc, but if the judgment nunc pro tunc is void, an appeal from it would only establish its voidness and would leave the original judgment in effect, as did the writ of mandamus in *Dikeman*.

In this connection we note that one of the points in appellant's brief raises the contention that the judgment nunc pro tunc was erroneous under Tex.R.Civ. P. 316 and 317 because it "did not correct any mistake in the record of any judgment or decree." Appellant further complains that this judgment "does not qualify as a nunc pro tunc judgment" because it "does not disclose the ground on which the court acted." If appellant is correct in these contentions, his appeal from this judgment nunc pro tunc does not provide an opportunity to review the original judgment. He might be entitled to have the judgment nunc pro tunc reversed and vacated, leaving the original judgment in force, but that relief would be of no consequence, since as we have held, the judgment nunc pro tunc makes no material change in the original judgment.

Appellant also moves for oral argument in support of his motion for rehearing, but we conclude that no useful purpose could be served by such argument because appellant's position has been adequately presented in his motion for rehearing.

Motions overruled.