**Thomas E. PERRY, et al., Appellants,**

v.

**NUECES COUNTY, Texas, et al., Appellees.**

**No. 1190.**

Court of Civil Appeals of Texas, Corpus Christi.

March 21, 1977.

Rehearing Denied April 14, 1977.

Charles R. Porter, Jr., Porter, Taylor, Gonzalez, Thompson & Rogers, Corpus Christi, for appellants.

C. Edwin Prichard, Michael J. Westergren, Andrew J. Lehrman, Corpus Christi, for appellees.

## OPINION

PER CURIAM.

This is an attempted appeal from a judgment nunc pro tunc rendered against appellants on November 12, 1976. Appellees have filed a plea to the jurisdiction and motion to dismiss the appeal.

The original judgment was rendered by the trial court on September 16, 1976. The motion for new trial following the first judgment was not timely filed. Thereafter on November 12, 1976, the appellants filed a motion to enter a judgment nunc pro tunc which was granted and a new judgment was entered. A new motion for new trial, this time timely filed as to the new judgment, was thereafter overruled on November 16, 1976. Proper appellate steps in this appeal would date from the latter judgment if the nunc pro tunc judgment were valid. Rule 306b, T.R.C.P. Otherwise, we lack jurisdiction of this appeal.

Appellants in this cause contend that an error was made in the entry of the September 16 judgment because the judgment in the minutes of the court does not accurately reflect the judgment as pronounced from the bench. The error on which they rely is an alteration in a letter designation following the district clerk's cause number. A background of the facts is important for a proper determination of this case.

When the case was originally filed, it was assigned cause number 74–3048–B. The letter following the numeric sequence of digits is an identification system used by the Nueces County District Clerk to indicate the particular district court to which the case has been assigned.[1] Throughout the time in which any case is active, the letter designation following the cause number is subject to change in the event the particular case is transferred between the various District Courts of Nueces County, but the numeric digits assigned in accordance with Rule 23, T.R.C.P., never change. In the instant case, the cause was originally assigned to the 117th District Court whereupon the district clerk placed the letter "B" following the cause number so that it would correspond with the district clerk's lettering system for the 117th District Court. Thereafter, the case was assigned to the 214th District Court and the letter designation was changed to "F" to correspond with the

---

1. Letter A designates the 28th District Court. Letter B designates the 117th District Court. Letter C designates the 94th District Court.

Letter D designates the 105th District Court. Letter E designates the 148th District Court.

lettering system for that court. Subsequently and finally, the case in question was transferred to the 94th District Court which has a "C" letter identifying it.

The record shows that thereafter when pleadings and orders were prepared for filing, the attorneys who prepared such papers almost invariably continued to use the original letter "B" (which was first assigned when the case was first filed) even though such letter did not properly correspond with the lettering system used by the district clerk's office. Whenever this happened, the district clerk's personnel would correct the court papers by drawing through the incorrect letter and substituting the correct letter designating the court to which the case was then assigned. (i. e., "–B̶").
"C"

On August 2, 1976, the Judge of the 94th District Court (which is the "C" court according to the district clerk's lettering system) ordered a severance of the case. He identified the two severed causes as 74–3048–B–1 and 74–3048–B–2. Actually, if the trial Judge of the 94th District Court had been following the district clerk's correct lettering system, the two severed causes should have been 74–3048–C–1 and 74–3048–C–2. However, upon receipt of the order of severance for filing, a deputy district clerk (without the authority of the trial court insofar as the record reflects or from any of the attorneys involved in the case) drew a line through the letter "B" at the top of the page and substituted the letter "C" as she had done in other papers in this cause. The order was then placed in the minutes of the 94th District Court. This same procedure was followed at the time that the judgment was entered. Whoever prepared the original judgment for the trial court's signature used the original (correct) cause number, the original district clerk's court designated letter ("B" which was incorrect) and the (correct) number "1" to indicate the particular severed lawsuit that was tried to judgment, i. e., 74–3048–B–1. After the judgment was rendered and signed, a deputy district clerk again crossed through the letter "B" at the top of

the page and wrote above it the letter "C" and filed the judgment in the minutes of the 94th District Court. The appellants contend that the judgment which carried the designated letter "B" and which was signed by the trial court, should have carried forward the same designated letter "B" when it was recorded in the minutes of that court. Since the trial court's judgment, although correct in every other detail, was entered in the minutes of the 94th District Court with the letter "C", a judgment nunc pro tunc was sought to change the letter "C" back to a "B", so that the judgment transcribed into the records of that court would accurately reflect the original judgment rendered by such court.

The first level of inquiry is to ascertain whether an error in the judgment entered into the minutes of the court occurred when the district clerk substituted the letter "C" for the letter "B".

■ There can be no contention that the above discrepancy in the letters was a judicial error. The basic difference between clerical and judicial errors was explained in detail in *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040 (1912). See also Reavley and Orr, Trial Court's Power to Amend its Judgments, 25 Baylor L.Rev. 191 (1973). Any error committed in the judicial act of rendition can only be corrected by the trial judge during the time in which he has jurisdiction over his judgment.

■ The law concerning clerical errors has been stated many times: if a judgment, as rendered by a trial court, is not faithfully transcribed into the records of that court, the error is clerical. The power of courts to have their records at all times accurately reflect the judgments as rendered is inherent to correct or amend their records by nunc pro tunc judgment.

"The failure of the minute entry to correctly or fully recite what the court judicially determined does not annul the act of the court, which remains the judgment of the court notwithstanding its imperfect record. . . .

Hence it is that from the earliest times the power of correcting or amending their records, by nunc pro tunc entry, so

as to faithfully recite their action, has been possessed and exercised by the courts as an inherent right, independent of any statute, and, in the absence of express provision, unaffected by limitation. . . . Our statutes . . . govern the procedure of its exercise; but they are only cumulative of this inherent power of the courts to have their records at all times speak the truth. . . ." *Coleman v. Zapp,* 105 Tex. 491, 151 S.W. 1040 (1912).

■ A judgment nunc pro tunc does not disturb the initial judgment determined by the trial court, it merely brings the court records into conformity with it. *Lone Star Cement Corporation v. Fair,* 467 S.W.2d 402 (Tex.Sup.1971); *Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289 (1953); *Coleman v. Zapp, supra; Quintanilla v. Seagraves Ford, Inc.,* 522 S.W.2d 274 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Zamora v. Salinas,* 422 S.W.2d 249 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n. r. e.).

■ The critical inquiry, therefore, is whether the change in the letter ("B" to "C") was such an "error" that the court records were so inaccurate, that it required the entry of a judgment nunc pro tunc on November 12, 1976, to make the court records correctly or fully recite what the court judicially determined. Relief by means of a judgment nunc pro tunc should be granted only if the evidence of a clerical error is clear, satisfactory and convincing and such error does in fact exist. See *Stuart v. City of Houston,* 419 S.W.2d 702, 703 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n. r. e.).

■ After reviewing the record in its entirety, we are convinced that the judgment rendered and signed by the trial judge on September 15, 1976, was the actual judgment of the trial court in every respect. The same judgment that was signed and rendered eventually and actually found its way to that trial court's minutes so that the minutes did in fact correctly recite the original judgment as rendered. The lettering system that was used by the district clerk was only a routing symbol for use by that office. The statutory cause number assigned (consisting entirely of numeric digits) was the same throughout. The severed cases received their "–1" and "–2" suffixes as positive identification of the two severed causes. The only difference between what the court judicially determined and the minute entry in the court's minutes was the alphabetic routing symbol that the district clerk changed to assist such clerk in the management of its court papers within the district clerk's office. We hold that the change in letter from "B" to "C" by the district clerk was not an error that was subject to correction by a judgment nunc pro tunc.

■ Not every change is correctable by judgment nunc pro tunc. Surely a judgment nunc pro tunc would not be applicable to change typographical errors or to matters that did not affect the judgment that was rendered by the trial judge when compared to the minute entry. To permit any kind of error made by any person to be corrected by a judgment nunc pro tunc might open such remedial action to abuse. These types of changes have never been contemplated by the rules or case law. For instance, to allow such a change would, in effect, violate the rule that prohibits entry of a judgment nunc pro tunc for the purpose of enlarging the time for appeal. See *Anderson v. Casebolt,* 493 S.W.2d 509 (Tex. Sup.1973); *Rodriguez v. Valdez,* 521 S.W.2d 668 (Tex.Civ.App.—San Antonio 1975, no writ); *Brown v. Vander Stucken,* 435 S.W.2d 609 (Tex.Civ.App.—San Antonio 1968, no writ). This is all that the present judgment nunc pro tunc accomplished.

■ The judgment nunc pro tunc entered November 12, 1976, did not actually correct an error in the earlier judgment. It did not correct or amend the minutes of the 94th District Court to reflect the judgment actually rendered by the trial court. Therefore, the judgment nunc pro tunc is not valid.

■ The time period for the appellants to perfect their appeal from the only valid judgment in this cause began on September 16, 1976. Because the transcript was not

presented for filing until January 7, 1977, it was not timely filed. Appellees' plea to the jurisdiction and motion to dismiss is GRANTED.

APPEAL DISMISSED.