Gordon BROOME, et ux, Appellants,

v.

MITCHELL & WALKER, Appellee.

No. 6334.

Court of Civil Appeals of Texas, Waco.

May 14, 1981.

Robert G. Carter, Marlin, for appellants.

John Hand, Marlin, for appellee.

OPINION

JAMES, Justice.

This is a venue case. Plaintiff-Appellee Mitchell & Walker filed suit in Falls County, Texas against Defendant-Appellants Gordon Broome and Vanita Broome alleging that Defendant-Appellants defaulted in performance of a contract. Defendant-Appellants filed a Plea of Privilege to have the cause transferred to Llano County, Texas. Plaintiff-Appellee controverted under subdivisions 4 and 7, Article 1995, Vernon's Annotated Civil Statutes. The trial court overruled Defendant-Appellants' Plea of Privilege by an order signed on February 13, 1981. Appellants filed their cost bond for appeal on March 11, 1981. Subsequently, on April 1, 1981, they filed a Transcript and Statement of Facts in this Court.

The one question presented for our determination is whether Appellants have complied with the time requirements set forth in the Texas Rules of Civil Procedure for the filing of the record in an appeal to the Court of Civil Appeals from an order of the trial court overruling a plea of privilege. We believe that Appellants have not complied with such requirements and accordingly dismiss their appeal.

Rule 385, TRCP, requires that "in all accelerated appeals, the bond . . . shall be filed . . . within thirty days after the judgment or order is signed. Likewise, the record shall be filed in the appellate court within thirty days after the judgment or order is signed." Rule 21c, TRCP, provides that an extension of time may be granted

318

for late filing in a court of civil appeals of a transcript or statement of facts if a motion reasonably explaining the need therefor is filed within fifteen (15) days of the last date for filing as prescribed by the applicable rule or rules.

The order overruling Defendant-Appellants' Plea of Privilege was signed on February 13, 1981 giving Appellants until March 16, 1981 to file both their bond and the record in this Court. Their bond was timely filed on March 11, 1981; however, the transcript and statement of facts were not filed until April 1, 1981. Under Rule 21c Appellants could have filed a motion requesting an extension of time for the filing of the record any time before March 31, 1981, but they did not do so. Therefore, since Appellants did not file the record within the thirty day time period prescribed by Rule 385 and requested no extension of time within fifteen days after the expiration of such date, we believe any subsequent filing of the record was untimely and accordingly dismiss the appeal.

APPEAL DISMISSED.