**GENERAL MOTORS CORPORATION,**
Appellant,

v.

**Randy RAMSEY, et ux., Appellees.**

**No. 10–81–199–CV.**

Court of Appeals of Texas,
Waco.

April 22, 1982.

Rehearings Denied May 20, June 3, 1982.

Dale Markland, Strasburger & Price, Dallas, for appellant.

Thomas R. Needham, Ford, Livingston & Needham, Dallas, for appellees.

## OPINION

CHASE, Justice.

Appellant appeals from an order overruling its plea of privilege in a suit involving the sale of a defective Chevrolet van.

The record reveals three separate orders purporting to overrule appellant's plea of privilege. The orders are signed on the following dates in 1981: October 22, October 26 and November 12. The first order states that the hearing on the plea was had October 13; the second order states the hearing occurred February 13 and adds the subdivisions of Tex.Rev.Civ.Stat.Ann. art. 1995 upon which the trial court based its order. The third order is exactly the same as the second except for the date of signing.

The docket sheet and both parties in their appellate briefs state the plea of privilege was orally overruled by the court after a hearing October 13. Thus, the second and third orders did not correct a mistake—instead it appears they created one. No notice was issued and the "correction" did not occur in open court. The record is devoid of any showing of compliance with Tex.R. Civ.P. 316 or 317. There is no showing the trial court vacated, modified, corrected or reformed the prior order, Tex.R.Civ.P. 329b(d), and no motion to modify, correct or reform the judgment was filed. Tex.R. Civ.P. 329b(g).

Merely setting out the subdivisions of art. 1995 did not add anything to the original decree. *Hamrah v. Hamrah*, 547 S.W.2d 308, 309 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.). A trial court may not make an order that simply affirms a former judgment and thereby enlarge the time period for perfecting appeal. *Anderson v. Casebolt*, 493 S.W.2d 509, 510 (Tex. 1973); *Perry v. Nueces Co.*, 549 S.W.2d 239, 242 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.); Tex.R.Civ.P. 5.

Assuming the appeal dates from October 22, 1981, the appeal bond was timely filed November 19, 1981; however, the transcript and statement of facts were not filed in this court until December 11, 1981—more than thirty days after the order was signed. Tex.R.Civ.P. 385(d). Failure to file the record within the time specified, unless reasonably explained, shall be ground for dismissal or affirmance under Tex.R.Civ.P. 387.

Appellant offered the following explanation. Appellant prepared the first order and mailed it to the court. The second order prepared by appellee was also mailed to the court. Not realizing the judge had already signed the first order, appellant asked the judge to sign the form prepared by appellee rather than the one prepared by appellant because it was more detailed. Appellant asserts it did not receive a copy of either of the first two orders and thus called the district clerk's office to inquire as to the signing of the order. Apparently, a worker in the clerk's office told appellant's counsel that the case file could not be locat-

ed and the court minutes did not reflect an order had been signed. Thus, appellant sent the third order to the court for signing.

■ We do not believe the meager efforts of appellant's counsel to determine the disposition of the order he sent to the trial judge, so as to determine the date from which to measure time for filing the transcript, constitutes reasonable explanation for failure to timely file the transcript.

The appeal should probably be dismissed. *Broome v. Mitchell and Walker*, 617 S.W.2d 317, 318 (Tex.Civ.App.—Waco 1981, no writ).

However, should we stretch reasonableness to the extent we consider the appeal, we will affirm the order overruling the plea of privilege.

To maintain venue in Ellis County under Tex.Rev.Civ.Stat.Ann. art. 1995, subdivision 4, appellee had the burden of proving Carlisle Chevrolet Company resided in Ellis County, of pleading a cause of action against both defendants and of proving a cause of action against the resident defendant.

■ In answer to request for admission number five appellant admitted Carlisle Chevrolet Company was its authorized dealer in Waxahachie, Texas. There is sufficient evidence for the court to find residency.

The pleadings state a joint cause of action against both defendants, alleging negligence in failing to provide a U-bolt to attach the frame to the axle, which negligence was a proximate cause of a collision and resulting damages.

■ The cursory examination of the van by Carlisle after complaint by plaintiff of noise coupled with the testimony of McMahon, Carlisle's service manager, that he would be critical of himself if he did not inspect the U-bolts after a complaint of a clanging noise, was sufficient for the court to find a cause of action against the resident defendant.

Under art. 1995, subdivision 27, appellee had to prove appellant was a foreign corpo-

ration with an agency in Ellis County. By request for admission number one, appellant admitted it was a foreign corporation.

■ The dealership contract between appellant and Carlisle required Carlisle to make pre-delivery inspections and adjustments of each new vehicle before delivery. From this the trial court was justified in finding that the delegation by GMC to Carlisle of the duty of final inspection and correction of defects, if any, in its product, created an agency between Carlisle and appellant.

The duty thus delegated was not to perform a mere menial task, but to carry out a vital function of appellant's business, to wit, the final delivery of a motor vehicle free from defects and safe for the consumer's use. *Milligan v. Southern Express, Inc.*, 151 Tex. 315, 250 S.W.2d 194 (1952).

The order of the trial court is affirmed.

McDONALD, C. J., not participating.

HALL, Justice, concurring.

I believe we have jurisdiction in this case. I concur with Justice Chase that the record supports venue in the County of suit under the provisions of subdivisions 4 and 27 of the general venue statute.

### OPINION ON MOTION FOR REHEARING

CHASE, Justice.

In its Motion for Rehearing Appellant charges we erred in concluding there was sufficient evidence to establish that General Motors had an agency in the county of suit.

In finding such agency we relied upon a provision in a contract between General Motors Corporation and Carlisle Chevrolet Company in which General Motors delegated the final inspection of the vehicle to Carlisle Chevrolet. Appellant contends that this contract was not properly before the court as admissible evidence because it was "simply an attachment to Carlisle Chevrolet Company's responses to Interrogatories directed to Carlisle by plaintiff ...", and Rule 168 prohibits the use of an answer to

an interrogatory by one party against another party. This would be true if the contract in question were truly an answer to an interrogatory.

Interrogatory Number 11 in Plaintiff's first interrogatories to Carlisle Chevrolet Company read as follows: "Attach a copy of the contract that exists between Carlisle Chevrolet and General Motors Corporation." This is not an interrogatory as envisioned in Rule 168, but a request for the production of a document as envisioned in Rule 167. Rule 167, the only rule under which a party can be required to produce a document, contains no prohibition against the use of a document so produced, but leaves its admissibility to the general rules of evidence. Appellant's only objection to the introduction of the contract into evidence was based upon the prohibition set forth in Rule 168 prohibiting the use of an "answer to an interrogatory" by one party against the other. There being no answer to an interrogatory, but merely the production of a document under Rule 167, the contract was properly before the court to be considered for any purpose.

We overrule Appellant's Motion for Rehearing.

McDONALD, C. J., not participating.